———o———

## FERGUSON v. DUNN'S Administrator.

MONEY HAD AND RECEIVED.—A sued B for money had and received, at his special instance and request, &c. The evidence showed that A had sent to B the money sued for, with directions to loan it, and that B had applied it to his own use.

*Held*, that the evidence sustained the complaint.

*Held*, also, that no demand was necessary before suit.

APPEAL from the *Fountain* Common Pleas.

GREGORY, J.—*Dunn's* administrator sued *Mrs. Ferguson* for money had and received of and from the intestate in his lifetime, at her special instance and request. The defendant answered by the general denial and set-off. Issues were taken. Trial by jury. Verdict for the plaintiff. Motion for a new trial overruled. The evidence is in the record.

*Dunn*, in his lifetime, remitted to *Mrs. Ferguson* a sum of money, with directions to loan it. The latter failed to loan the money, but used it herself. It is claimed that there is a failure in proof; that the money was not placed in the hands of the defendant at her special instance and request. This is immaterial.

It is further claimed that the appellant was a naked bailee, without compensation, and that no action can be maintained against her until after a demand and refusal. No demand was necessary. *Spencer* v. *Morgan*, 5 Ind. 146; *Robinson* v. *Skipworth*, 23 Ind. 311. The money was sent to *Mrs. Ferguson* by *Dunn* for a particular purpose, to which she refused to apply it, and converted it to her own use. The action for money had and received lies in such a case. The law will, and always does, raise an assumpsit from the misapplication of money received to the use of another. *Dumond's Admr.* v. *Carpenter*, 3 John. 183.

The judgment is affirmed, with costs and five per cent. damages.

*M. Milford*, for appellant.

*T. F. Davidson*, for appellee.