The Jeffersonville, Madison, and Indianapolis R. R. Co. *v.* Gent and Others.

Misjoinder.—A cause cannot be reversed for error in overruling a demurrer for misjoinder of causes of action.

Pleading.—In a suit against a common carrier, for failure to deliver goods, the complaint must show that after the carrier received the goods to be transported, a reasonable time had elapsed, in due course of transportation, for the delivery of the goods, before the demand was made; and also that the defendant's reasonable freights and charges have been paid or tendered, or a reason given for not having done so.

APPEAL from the Bartholomew Circuit Court.

Pettit, J.—Thomas Gent, Thomas Gaff, and James Gaff, partners as Thomas Gent & Co., complain of the Jeffersonville, Madison, and Indianapolis Railroad Company, and say that the defendant is a corporation and a common carrier of goods for hire; that the plaintiffs, at the request of defendant, caused to be delivered to defendant diverse goods, that is to say, one hundred barrels of flour of the plaintiff's to be carried by the defendant in and by certain cars of the defendant from Columbus to Indianapolis, in said State, and there to be delivered to the plaintiffs, for freight and reward in that behalf; that the defendant then and there gave to plaintiffs a bill of lading, a copy of which is filed herewith, and the defendant there received the same for the purpose

aforesaid; that afterwards, to wit, on the —— day of ——, 1867, the plaintiffs at Indianapolis, aforesaid, demanded said goods from defendant, but defendant did not deliver said goods to plaintiffs, but then and there failed and refused to do so. They aver that said goods were then and there of the value of fifteen hundred dollars.

The plaintiffs further complain of defendant, and say that defendant is a corporation and is a common carrier of goods for hire from Columbus to Indianapolis, in said State; that the defendant converted to its own use and wrongfully deprived the plaintiffs of the use and possession of the plaintiffs' goods; that is to say, one hundred barrels of flour, of the value of fifteen hundred dollars, which the plaintiffs had delivered to the defendant as a common carrier aforesaid, and which it had received as such carrier, to be carried by it for the plaintiffs, for reward in that behalf.

Wherefore plaintiffs demand judgment for fifteen hundred dollars.

To this the defendant demurred for misjoinder of causes of action, and to each paragraph severally for want of sufficient facts being stated therein to constitute a cause of action. The demurrers were overruled and exceptions taken to the ruling, and this is assigned for error.

Whether right or wrong, we cannot reverse for the ruling on the misjoinder of causes of action. 2 G. & H. 81, sec. 52.

The court erred in overruling the demurrer to the first paragraph of the complaint, and for this error the judgment must be reversed.

The averments of the first cause of action are substantially, that the plaintiffs delivered to defendant, at Columbus, one hundred barrels of flour, to be, by the defendant, transported by rail to Indianapolis, for freight and reward to be paid to defendant by plaintiffs; that thereafter, to wit, on the —— day of ——, 1867, plaintiffs demanded the goods of defendant, at Indianapolis, but the defendants then and there refused to deliver the same to plaintiffs.

There is no averment as to the day when the flour was

delivered to defendant at Columbus, except as shown by the bill of lading, and there is no averment fixing the time when the demand was made at Indianapolis. The allegation is simply, that afterwards, to wit, on the —— day of ——, 1867, the demand was made. The pleading must be construed most strongly against and most unfavorably to the pleader. There is nothing in the pleading to preclude the idea that the demand at Indianapolis was made the next hour or the next day after the delivery at Columbus, before the flour had been or could have been transported to Indianapolis, in a reasonable time after its delivery, in due course of railroad transportation; and if the flour had not been received at Indianapolis, when the demand was made, for the reason that a reasonable time for its transportation had not elapsed, the refusal of the defendant's agents at Indianapolis to deliver it fixed no liability upon the company.

The pleading, to be good, ought, we think, to show either that the flour had been transported to Indianapolis when the demand was made, or that sufficient time had elapsed for its transportion, or that the flour had been converted by the defendant to its own use.

There is another fatal objection to this cause of action in our judgment; common carriers have a right to hold goods transported by them until their reasonable freights and charges are paid.

There is no allegation that the defendant's reasonable freights and charges had been paid or tendered to defendant, nor is any reason or excuse given for not having done so. Under the averments of the pleading the defendant had a perfect right to hold the flour, even though it had been received at Indianapolis, until the charges for the transportation thereof had been paid or tendered.

Story on Bailments lays down the law as follows, secs. 585 and 588: "In virtue of the delivery of the goods, carriers acquire a special property in them, and may maintain an action against any person who displaces that possession or does any injury to them. This right arises from their

general interest in conveying the goods, and their responsibility for any loss or injury to them during their transit. And, having once acquired the lawful possession of the goods for the purpose of carriage, the carrier is not obliged to restore them to the owner again, even if the carriage is dispensed with, unless upon being paid his due remuneration; for by the delivery he has already incurred certain risks. The carrier is also entitled to a lien on the goods for his hire (and his advances to others for freight and storage), and is not compellable to deliver them until he receives it, unless he has entered into some special contract, by which it is waived." See, also, secs. 107 and 120.

The demurrer to the second paragraph of the complaint was properly overruled. That paragraph charges a conversion of the goods, and in such case the carrier is not entitled to have a demand made for the goods of him or payment of the freight charges to him, before suit brought. Chitty on Carriers, 91, 131; *Robinson* v. *Skipworth*, 23 Ind. 311. See p. 315. Story on Bailments, sec. 107.

This decision renders it unnecessary for us to notice any rulings of the circuit court which subsequently took place, for had the demurrer been sustained to the first paragraph of the complaint, the pleadings and after issues and rulings might have been very different from what they are, and cannot, therefore, be considered as properly arising in the record.

The judgment is reversed, at the costs of the appellees; cause remanded, with instructions to the court below to sustain the demurrer to the first paragraph of the complaint, and for further proceedings.

*S. Stansifer, T. A. Hendricks, O. B. Hord*, and *A. W. Hendricks*, for appellant.

*R. Hill* and *G. W. Richardson*, for appellees.