NELSON, ADM'R, v. CORWIN, ADM'R.

DECEDENTS' ESTATES.—*Conversion by Administrator.—Action Against Surety.—Demand.*—In an action against an executor or administrator, or his surety, to recover for assets alleged to have been converted by the principal, it is not necessary to allege that a demand for the same has been made.

SAME.—*Action by Devisee.—Parties.*—A devisee of a testator, or the former's administrator, may maintain an action against the executor of the testator or his surety, for conversion of the devise.

From the Madison Circuit Court.

*H. D. Thompson*, for appellant.

*J. A. Harrison*, for appellee.

NIBLACK, J.—This is a claim filed by John Nelson, as administrator of the estate of Nancy J. Bird, against the estate of Allen Makepeace, of which John E. Corwin is administrator, on the 21st day of May, A. D. 1875.

The complaint charges, that one William Griffith, late of Madison county, was the father of one child, whose name was Nancy Jane Griffith, and was the owner of one hundred and twelve acres of land and of personal property of the value of probably twelve hundred dollars, and on that day made his will, devising said land to his said child; also bequeathing to her, in addition, two hundred dollars in money, on certain conditions and limitations, and appointing his brother, Abel Griffith, executor of his said will; that, in July, 1857, the said William Griffith died, leaving said will in full force, and his said child, then not eight years old, surviving him; that, on the 8th day of August, 1857, said will having been duly

proven and entered of record, the said Abel Griffith executed his bond, as the executor of the said will, in the penal sum of five hundred dollars, with the said Allen Makepeace as his surety, and duly qualified and took upon himself the execution of said will; that there came into the hands of the said Abel Griffith, executor as aforesaid under said will, personal property of the value of twelve hundred dollars, being eight hundred dollars more than was necessary to pay the debts against his testator's estate; that the said Abel Griffith did not, in any respect, comply with or execute the trusts imposed upon him by said will, but, on the contrary, converted the said personal property to his own use, and squandered and wasted the same; that said Abel Griffith died on the 13th day of October, 1870, and that his estate, which was wholly insolvent, was finally settled on the 6th day of February, 1873; that the said Nancy Jane, while she was yet a minor, intermarried with one William L. Bird, and arrived at full age on the 18th day of April, 1870; that she remained the wife of the said Bird until the 25th day of September, 1873, when she died intestate. Wherefore the said Nelson, as her administrator, demands judgment against the estate of the said Makepeace.

A demurrer for want of sufficient facts was sustained to the complaint, and the plaintiff excepted and appealed.

Counsel informs us that the demurrer was sustained, because a demand was not alleged in the complaint. A demand and refusal afford evidence of conversion, but not the only evidence. Where an actual conversion of the property is alleged, as in this case, it is unnecessary to aver a demand also. *The J., M. & I. R. R. Co.* v. *Gent,* 35 Ind. 39; *Ferguson* v. *Dunn's Adm'r,* 28 Ind. 58; *Robinson* v. *Skipworth,* 23 Ind. 311.

The right of Mrs. Bird to sue on the bond for the conversion of the personal property is fully recognized by sec. 162, page 549, 2 R. S. 1876. Her interest in the estate is sufficiently shown by the averments in the com-

plaint as to the contents of the will. When Abel Griffith died, a separate right of action survived to her against Makepeace, his surety, and she had the option to proceed either against the estate of the said Abel Griffith, or against Makepeace, for any deficiency which the estate of said Griffith might not have been able to pay.

We think the complaint was good on demurrer, and that the court erred in sustaining a demurrer to it.

The judgment is reversed, at the costs of the estate of the said Makepeace, and the cause remanded for further proceedings, in accordance with this opinion.