## LOVE ET AL. *v.* HOSS.

PRINCIPAL AND AGENT.—*Real Estate Broker.*—*Sale by Broker for a Sum Concealed from Principal.*—*Fraud.*—*Demand.*—A real estate broker, who, for a specified compensation, agrees with the owner of a tract of land to negotiate a sale of the same for a particular price, is liable to his principal, without demand, for any excess received by him in making sale of such tract and concealed by him from his principal.

From the Marion Superior Court.

*J. T. Dye* and *A. C. Harris,* for appellants.

*J. W. Gordon, R. N. Lamb* and *S. M. Shepard,* for appellee.

PERKINS, J.—Hoss, the appellee, sued the appellants upon a complaint in two paragraphs:

1. For money had and received, etc.;

2. The second charged, in substance, that the appellants

were real estate brokers, and that appellee employed them as such to negotiate for him the sale of a certain tract of land; that appellants sold the land to Morton and Brown at three hundred and twenty-five dollars per acre, aggregating the sum of thirteen thousand dollars, and reported to him the sale as made at three hundred dollars per acre, aggregating twelve thousand dollars, and fraudulently concealed the fact that the sale had been made for thirteen thousand dollars, and withheld and appropriated to their own use one thousand dollars of the proceeds of sale.

Answer, first, denial; second, payment.

Reply in denial to second answer.

Trial by jury, verdict and judgment thereon for the plaintiff.

The appellants' counsel make two points in their brief, namely: first, that the verdict and judgment are not sustained by sufficient evidence; second, that a demand was necessary before suit.

These facts are undisputed, viz.: That Nelson Hoss placed in the hands of appellants, real estate agents, a certain eighty-acre tract of land for sale, authorizing them to sell the same for three hundred dollars per acre; that appellants made a written contract with one Brush to take the eighty acres at three hundred dollars per acre; that afterward said Brush expressed a desire " to carry " but half of said tract, whereupon appellants sold one-half of said tract to Morton and Brown for three hundred and twenty-five dollars per acre, and accounted to and settled with Hoss for the eighty acres at three hundred dollars per acre, and received their compensation for selling, without disclosing to him the fact that one-half of said eighty-acre tract was sold at three hundred and twenty-five dollars per acre; that, by the procurement of Love, Owen and Taylor, the half of said tract was deeded by Hoss to Morton and Brown; and the real question in the case is, as

whose land did appellants and Brush regard said half of said tract sold to Morton and Brown? as whose property did appellants sell the half of said tract to them? was it sold to them for Brush, and as his land? or for Hoss, and as his land? with which of said parties were appellants to account for the proceeds of the sale?

If the half was sold for Hoss, and as his land, the verdict and judgment below were right, and no demand was necessary, as the agents had concealed the facts from Hoss, had settled with, and paid him, at the rate of three hundred dollars an acre, as they claimed, in full, without disclosing the facts in the case, had, in short, converted the extra thousand dollars of money belonging to him (on the assumption upon which we are now proceeding) to their own use. Under such circumstances, no demand was necessary. *Ferguson* v. *Dunn's Adm'r*, 28 Ind. 58, and cases cited.

These questions were all for the jury. The evidence was conflicting. Parts of it tended to justify the verdict. In such cases, this court does not interfere with the finding of the jury. See, especially, *Deam* v. *Dawson, ante,* p. 22.

The judgment is affirmed, with costs, to be entered as of the date of the submission of the cause.