## PROCTOR *v.* COLE.

MORTGAGE.—*Parol Evidence not Admissible to show that a Chattel Mortgage is an absolute Sale.*— Where a written instrument transfers personal property from C. to D., to be re-transferred, upon payment of a certain sum of money within a specified time, such instrument is, upon its face, a mortgage ; and parol evidence is not admissible to show that it was an absolute sale.

BILL OF EXCEPTIONS.—*Admission.—Evidence.—Supreme Court.*—Facts may be admitted in a bill of exceptions, as facts, but when not so admitted the evidence which tends to prove or disprove them must be set out ; and where neither the evidence nor any question of law occurring on the trial is in the record, the Supreme Court can not say that the finding is contrary to law.

CONVERSION.—*Demand.—Motion to make Certain.—Demurrer.—*When a conversion is alleged in a pleading, no demand need be averred ; and, if the complaint shows that the defendant wrongfully converted the property to his own use, it is sufficient without showing that he wrongfully received or wrongfully retains such property ; and, if such complaint fails to give a sufficient bill of particulars, the defect can be reached, not by demurrer, but by motion to make more certain.

SAME.—*Harmless Error.*—When the facts stated in a paragraph of answer may be given in evidence under the general denial, which is pleaded, it is a harmless error to sustain a demurrer to such paragraph.

From the Elkhart Circuit Court.

*J. M. Vanfleet, J. M. Coombs, J. Morris* and *R. C. Bell,* for appellant.

*J. H. Baker* and *J. A. S. Mitchell,* for appellee.

BIDDLE, J.—Complaint in two paragraphs, by the appellee, against the appellant, charging him with the wrongful sale and conversion of certain stock in the Elkhart Hydraulic Company, the dividends thereon, and other property therein described, belonging to the appellee.

A separate demurrer to each paragraph, alleging the insufficiency of the facts averred to constitute a cause of action, was overruled, and exceptions reserved.

Answer, a general denial and three special paragraphs.

Separate demurrers to the second and third paragraphs of answer, alleging as ground the insufficiency of the facts stated to constitute a defence, were sustained, and exceptions reserved. Reply to the fourth paragraph. Trial by the court; finding for appellee.

The appellant filed his motion for a new trial, based upon the following causes :

" 1. The damages assessed are excessive ;

" 2. The amount recovered was excessive and too large ;

" 3. The finding and decision of the court is not sustained by the evidence, and is contrary to law ; and,

" 4. Error of law occurring at the trial and duly excepted to, in this, to wit : In refusing to hear the evidence of M. F. Shuey, which the defendant offered, as set forth in his bill of exceptions, at the time."

The motion for a new trial was overruled, and exceptions reserved.

The first cause is well assigned. The second is the same as the first. The third contained two specifications as to what the evidence proved, but it is well assigned without them.

Under the fourth cause for a new trial, the facts offered to be proved by the witness, M. F. Shuey, were as follows:

" That Mr. Danforth and Cole came to my office, where Danforth, in the presence of Cole, told me that they had settled all matters of difference between them, and the suit then pending in court; and that he, Danforth, had bought all of said Cole's interest in the hydraulic property, and they wished me to draw an assignment to Danforth in such a way that the same could not be construed to be a mortgage, but which should be an absolute conveyance for said property to Danforth, and at the same time give Mr. Cole one year to make sale of the property, as the agent of Danforth for one year; said Cole to have, as his commission, all he could make by such sale, over and above the amount paid by Danforth, and, in pursuance of such request, he drew said paper marked ' Exhibit A.' "

This " Exhibit A" is made a part of Proctor's answer, and was executed by the parties; the instrument itself, therefore, must be regarded as the agreement between the parties. We can see no purpose of the evidence offered, unless it was to show that the contract was a mortgage instead of a sale. For that purpose it was needless; for the instrument, upon its face, is a mortgage. It transfers certain personal property from Cole to Danforth, to be reconveyed by Danforth to Cole, upon payment by Cole to Danforth of a certain sum of money within one year from date. We think the evidence was properly rejected. If the evidence was offered to show that the instrument was an absolute sale, it was also properly rejected;—" once a mortgage always a mortgage." But we do not wish to be un-

derstood as deciding that parol evidence is competent, in any case, to show that a sale of personal property, absolute on its face, was intended by the parties to be a mere mortgage. This question, not being before us, is not decided.

The first, second and third causes for a new trial present no question to us, unless the evidence is in the record. The bill of exceptions begins by saying that " the following was all the evidence given in said cause, to wit :" Then follows several admitted facts. It then proceeds, with the following language : " It was admitted that a preponderance of the evidence showed that, on the 14th day of January, 1869, the plaintiff borrowed $2,000 of one Calvin Danforth for one year, at 20 per cent. interest," etc.; and so continues, by stating a great number of facts, to the end. There is no testimony, paper or evidence of any kind stated in the bill, and nothing of substance except the few facts which are admitted. This does not fulfil the rule requiring all the evidence to be set forth in the bill of exceptions. Facts may be admitted in a bill of exceptions as facts, but when not so admitted, the evidence which tends to prove or disprove them must be set out; and, without the evidence before us, or some question of law occurring at the trial, it is difficult to see how the finding can be contrary to law. *Ward* v. *Bateman,* 34 Ind. 110; *Miles* v. *Buchanan,* 36 Ind. 490; *Miller* v. *Voss,* 40 Ind. 307; *Morrow* v. *The State,* 48 Ind. 432; *Railsback* v. *Greve,* 58 Ind. 72; *Robinson Machine Works* v. *Chandler,* 56 Ind. 575.

The questions of the sufficiency of the complaint, and of the second and third paragraphs of the answer, are yet to be noticed.

1. It is objected to the complaint that it does not aver a demand before suit ; but it avers a conversion, and in pleading, when a conversion is averred, no demand need be averred, as at the trial, if a conversion be proved, no demand need be proved. *Cooper* v. *Helsabeck,* 5 Blackf. 14;

*Jones* v. *Gregg*, 17 Ind. 84; *Boyle* v. *Guysinger*, 12 Ind. 273 ; *Robinson* v. *Skipworth*, 23 Ind. 311 ; *Nelson* v. *Corwin*, 59 Ind. 489.

2. The second objection taken to the complaint is that it does not show that the appellant wrongfully received or wrongfully retains the dividends sued for ; but it shows that he wrongfully converted them to his own use, and this is sufficient. See the authorities, *supra*.

3. Third, that it does not "set out the dates and amounts of the dividends in itemized form, like an account." We do not perceive that this objection exists, but, if it did, it should have been corrected on motion to make it more certain ; it can not be reached by a demurrer, for other facts are alleged in the complaint, which constitute a cause of action.

The complaint is clearly sufficient.

The second and third paragraphs of answer admit a portion of the facts charged in the complaint, and deny others; but such as are admitted are not avoided by any new matter. These paragraphs are indeed nothing more than argumentative denials, and contain no material fact that might not have been given in evidence at the trial under the general denial. It is clear that the appellant was not injured by the rulings of the court on the demurrers.

There is no available error in the record.

The judgment is affirmed, at the costs of the appellant.

Opinion filed at November Term, 1878.

Petition for a rehearing overruled at May Term, 1879.