## BUNGER v. RODDY.

CONVERSION.—*Demand.*—One who, at his own request, is entrusted by another with a sum of money to be applied to a certain purpose, is liable to the latter therefor, upon his conversion thereof, without a demand.

SAME.—*Voluntary Payment.—Principal and Agent.—Estoppel.*—The rules of law, relating to voluntary payments and principal and agent, do not apply in such case; and the defendant is estopped to deny the plaintiff's title to such money.

NEW TRIAL.—*Harmless Error.—Evidence.*—Error in the admission of harmless evidence is unavailable for a new trial.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellant.

*J. H. Louden* and *R. W. Miers,* for appellee.

HOWK, C. J.—This was a suit by the appellee, against the appellant, in a complaint of a single paragraph, wherein he alleged, in substance, that he, the appellee, was a son and one of the legatees of William Roddy, deceased; that in said decedent's lifetime, to wit, on the — day of June, 1875, the said William Roddy, with S. McWylie as surety thereon, executed their note to one Elizabeth Bunger for $400; that in the month of December, 1875, some two weeks after the death of said William Roddy, the appellant represented to the appellee that said Elizabeth Bunger was very anxious to get her money, and that if he, the appellee, would let the appellant have the same, he would pay it over to the said Elizabeth Bunger and take up said note, and deliver it to the appellee on the next Saturday; that, being anxious to accommodate the said Elizabeth, and relying on the appellant's representations, the appellee let the appellant have the sum of $400, to apply on and pay off said note; that the appellant neglected to apply said money on said note, or to pay the the same over to said Elizabeth Bunger, but converted the same to his own use, and had refused to return the same to the appellee, though often requested; and that said

Elizabeth Bunger had presented the said note to the executor of said William Roddy, deceased, and demanded payment thereof, and she had been paid by said executor the amount of said note. Wherefore the appellee demanded judgment for five hundred dollars and other proper relief.

To this complaint the appellant demurred for the want of sufficient facts, which demurrer was overruled, and to this ruling he excepted, and then answered by a general denial. The cause was tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of four hundred dollars; and the appellant's motion for a new trial having been overruled, and his exception saved to this ruling, the court rendered judgment on the verdict.

The following decisions of the circuit court have been assigned by the appellant, as errors:

1. The overruling of his demurrer to appellee's complaint; and,

2. The overruling of his motion for a new trial.

1. It is earnestly insisted by the appellant's counsel, in their able and elaborate brief of this cause, that the facts alleged in appellee's complaint are not sufficient to constitute a cause of action. We will briefly consider some of the objections urged by counsel to the sufficiency of the complaint. It is claimed that the complaint is insufficient, because it contains no averment that the note had not been paid by William Roddy, in his lifetime. In our view of the case, such an averment was wholly unnecessary. The facts alleged in the complaint, if true, showed with sufficient clearness and certainty, that the appellant had in his possession a certain sum of money, belonging to the appellee, the possession of which he had obtained upon his promise that he would apply the same to the payment of William Roddy's note. If the note had been

paid by William Roddy, in his lifetime, it was the appellant's plain duty to return the money at once to the appellee; if the note had not been thus paid, it was the appellant's duty either to apply the money, as he had undertaken to do, to the payment of said note, or to return the same forthwith to the appellee. In no event, under the facts stated in the complaint, could the appellant have acquired any such personal title to, or interest in, the money received by him from the appellee, as would have authorized him, if from any cause he failed to apply the same to the specific purpose for which it was received, to withhold such money from the appellee.

Appellant's counsel further say, that the complaint is bad because it shows upon its face that the money, which the appellee seeks to recover in this action, was a " voluntary payment" by him to the appellant. As we read the allegations of the complaint, it wholly fails to show any payment by the appellee to the appellant. It does not appear in the complaint, that the appellee ever owed or paid the appellant any sum of money. Upon certain representations made by the appellant, the appellee was induced to entrust a certain sum of money to the appellant, to be applied by him to a certain purpose. The appellant failed to apply the money to the purpose for which it was entrusted to him, but converted the same to his own use; and, when he is sued for the money which he had wrongfully appropriated, his defence is, that he is not liable for the money, because it was voluntarily entrusted to him. That would be a singular perversion, as it seems to us, of the law in relation to voluntary payments, and it does not meet with our approval.

It is further said in argument by the appellant's counsel, that the " vital objection to the complaint is, that it fails to aver a demand before suit brought; the averment of failure to return the money, though often requested, not

amounting to a demand." Conceding, without deciding, that such an averment would ordinarily be necessary in the plaintiff's complaint, in such a case as the one now before us, we are of the opinion that the appellee's complaint in this case was not defective for the want of such an averment. It was expressly alleged by the appellee, that the appellant had converted the money sued for to his own use; and the rule is, that, where an actual conversion is alleged, it is unnecessary to aver a demand. *Robinson* v. *Skipworth*, 23 Ind. 311; *Ferguson* v. *Dunn's Adm'r*, 28 Ind. 58; *The Jeffersonville, etc., Railroad Co.* v. *Gent*, 35 Ind. 39; *Nelson* v. *Corwin*, 59 Ind. 489; *Proctor* v. *Cole*, 66 Ind. 576.

In our opinion, therefore, the court did not err in overruling appellant's demurrer to appellee's complaint.

2. In discussing the alleged error of the court in overruling the appellant's motion for a new trial, it is insisted by his counsel that the verdict was not sustained by sufficient evidence. It seems to us, however, from our reading of the evidence, that it fully and fairly sustained the verdict of the jury. As between the appellee and the appellant, it is very clear, we think, that the former was justly entitled to a verdict and judgment for the amount of money sued for. Under the facts of this case, as alleged in the complaint and showed by the evidence, the appellant could not be heard to dispute or call in question the appellee's ownership of said sum of money, or his right to the possession thereof. As against the appellant, the appellee, under the facts alleged and proved, was the sole owner of the money, and could lawfully sue and maintain an action for its recovery, under the issues in this case, without regard to the question whether he might or might not be required to account to other persons for the whole or any part of the said sum of money.

Appellant's counsel claim that the court erred in the

admission of the following testimony of one Ben. F. Adams, a witness for the appellee: " I have a very faint impression of seeing them " (appellee and appellant) " in the bank together, transacting business about that time and near the table ; did not see any money pass that I now recollect of." If it be conceded that the court erred in the admission of this evidence, we are utterly unable to see wherein or how " the very faint impression " of Mr. Adams, or the fact that he could not " recollect of," could possibly harm the appellant. · The error, if such it were, was certainly harmless ; and, for such an error, it is settled that a judgment will not be reversed.

The appellant's counsel have criticised, at great length, the instructions of the court to the jury trying the cause ; but we hardly think it necessary for us to set out their criticisms or to refute their arguments, in this opinion. If counsel were right in their assumption, that, under the issues in this cause, the rules of law in regard to voluntary payments, or to the relation of principal and agent, or to the necessity for a demand before suit brought, were in any manner applicable to any of the questions presented thereby for our decision, then it would seem to us, that some of their objections to the court's instructions were well taken, and ought to be sustained. But the learned counsel of the appellant have, as we think, entirely misapprehended the appellee's case, and, throughout their brief, have set up and attacked, with skill and vigor, a case not made by either the pleadings or the evidence, in the case at the bar. Upon the case before us, as shown by the record and as we understand it, the court's instructions to the jury trying the cause were substantially correct in law, and were applicable to the issues and evidence in the cause.

The appellant asked the court to give the jury a single instruction, to the effect that the appellee could not recover

in this action, unless he had proved, that, before this suit was brought, he had demanded of the appellant the money in controversy. This instruction was refused by the court, and to this decision the appellant excepted and assigned the same as cause for a new trial. It was not error to refuse this instruction. The complaint charged, as we have seen, the conversion by the appellant to his own use, of the appellee's money. In such a case, it is unnecessary to aver a demand before the commencement of the suit, and, if a demand need not be averred, it need not be proved. A demand and refusal afford evidence of conversion, but not the only evidence. *Nelson* v. *Corwin, supra.*

The motion for a new trial was correctly overruled.

The judgment is affirmed, at the appellant's costs.

Opinion filed at November term, 1879.
Petition for a rehearing overruled at May term, 1880.