No. 7258.

## SNYDER v. BABER.

PARTNERSHIP.—*Complaint.*—*Conversion.*—*Demand.*—In a complaint, by one partner against another, after dissolution and settlement, alleging an agreement by the defendant to collect assets of the firm and apply them in payment of outstanding liabilities of the firm, and charging a conversion of the money collected to his own use and the use of others, it is unnecessary to aver a demand before the commencement of the suit.

SAME.—*Implied Demand.*—An allegation that the defendant refused to account implies a demand for an accounting.

PLEADING.—*Motion to make more Specific.*—*Demurrer.*—If an allegation be not sufficiently certain, a motion to make more specific, and not a demurrer for want of facts, is the remedy.

From the Gibson Circuit Court.

*T. R. Paxton*, for appellant.

*W. M. Land* and *J. E. McCullough*, for appellee.

HOWK, C. J.—The sufficiency of the appellee's complaint to withstand a demurrer thereto for the want of facts is the

only question presented for the decision of this court, by the record of this cause and the appellant's assignment of error thereon.

In his complaint, the appellee alleged, in substance, that on and before the 7th day of April, 1876, he and the appellant were co-partners in the business of carriage-making in the town of Princeton, in Gibson county, under the firm name of George W. Snyder & Co.; that they, as such co-partners, had each an equal interest in the business, stock and assets of said firm, and a like equal interest in the profits of said business; that on the 7th day of April, 1876, the said partnership was dissolved by the mutual consent of said partners, and all the business of said firm was fully and finally settled and adjusted by and between them, saving and excepting certain outstanding liabilities of said firm, an itemized list of which was given, amounting in the aggregate to $1,114.65, and certain assets of the firm amounting to $1,459.20; that the said assets were of the aggregate value stated and were $344.55 more than the outstanding liabilities of said firm; that upon the dissolution and settlement of said firm, as aforesaid, by agreement between the said parties, all the said assets of the firm, of the value aforesaid, were turned over to and received by the appellant, to be by him collected and applied in payment of said outstanding liabilities, which the appellant, in consideration of the premises, agreed and undertook to do; that the appellant had collected and converted to his own use, and to the use of others, all of the said assets, of the value aforesaid, and in violation of said agreement, and of the appellee's rights, had failed and refused to apply the same to the payment of said outstanding liabilities, leaving a large portion thereof unpaid; that, by reason thereof, the appellee had been compelled to advance, and had advanced and paid, out of his own individual funds, on said outstanding indebtedness of the firm, that might and ought to have been paid

Snyder *v.* Baber.

by the appellant out of the said partnership assets so in his hands, certain specified sums amounting in the aggregate to $307.65, which remained unpaid to appellee; that all the indebtedness of said firm had been fully paid and satisfied, and that there were no outstanding debts or unsettled liabilities against said firm; and that the appellant refused to account to the appellee for the assets of said firm, placed in his hands as aforesaid, over and in excess of the firm's liabilities, or to repay the appellee the aforesaid sum so advanced by him to pay said liabilities, to his damage in the sum of $500, for which he demanded judgment.

The appellant's counsel objects, in argument, to the sufficiency of the appellee's complaint, "because it does not allege a demand before suit, by appellee of appellant, for an accounting together and payment to appellee of the amount due him, if any, from appellant." We are of the opinion, however, that, under the allegations of the complaint, a demand before suit brought, for an accounting together and payment of the amount due, was not necessary to the maintenance of the action, and that, for this reason, it was not necessary to the validity or sufficiency of the complaint that it should contain an averment of any such demand. We have given a full summary of the allegations of the complaint, and it will be seen therefrom that the appellee averred, in clear and positive terms, that, at the time of the dissolution of the firm, there was a full and final settlement and adjustment of all the business of said firm by and between him and the appellant, except as to certain outstanding liabilities and certain specified assets of said firm; that the aggregate value of said assets exceeded the amount of said liabilities in the sum of $344.55; that, by an agreement then made between the said parties, all the said assets were turned over to and received by the appellant, to be by him collected and applied to the payment of said liabilities, which he, in consideration of the premises, agreed and un-

dertook to do; and that he, the appellant, had collected all the said assets, and had converted the same to his own use and the use of others, and, in violation of his agreement and of the appellee's rights, had failed and refused to apply the same to the payment of said liabilities, etc. It will be seen that, in and by these allegations, the appellant was expressly charged with the conversion of the money, received by him for a specific purpose, to his own use and the use of others. The rule of pleading is well settled by the decisions of this court, that where, as in this case, an actual conversion of the money sued for has been alleged in the complaint, it is wholly unnecessary to aver therein a demand made before the commencement of the suit. *Robinson* v. *Skipworth*, 23 Ind. 311; *Ferguson* v. *Dunn's Adm'r*, 28 Ind. 58; *The Jeffersonville, etc., R. R. Co.* v. *Gent*, 35 Ind. 39; *Nelson* v. *Corwin*, 59 Ind. 489; *Proctor* v. *Cole*, 66 Ind. 576; *Bunger* v. *Roddy*, 70 Ind. 26.

It was also alleged in the complaint, that the appellant refused to account to the appellee for the assets of the firm, placed in his hands, in excess of the firm's liabilities, etc. It seems to us, that a demand for an accounting, before suit brought, is necessarily implied in and by this allegation; for there could be no refusal to account by the appellant, without a demand for an accounting previously made by the appellee. If the allegation was not sufficiently certain, in regard to the demand for an accounting, the appellant's remedy was a motion to make more specific, and not a demurrer for the want of facts; for, when the appellant admitted, as he did by his demurrer, that he had refused to account to the appellee, he also admitted by necessary implication, that the appellee had demanded of him the accounting which he had refused.

Our conclusion is, that the appellee's complaint was sufficient, and that the appellant's demurrer thereto, for the want of facts, was correctly overruled.

The judgment is affirmed, at the appellant's costs.