Cox *et al. v.* Albert *et al.*

---

No. 8579.

.COX ET AL. *v.* ALBERT ET AL.

REPLEVIN.—*Pleading.—Complaint and Affidavit.*—A complaint, which contains all the statutory requisites of an affidavit to obtain an order for the delivery of personal property, and is verified by the oath of the plaintiff or of some one in his behalf, will be sufficient both as an affidavit and a complaint in replevin.

SAME.—*Evidence.—Demand.—Conversion.*—In a suit for the recovery of the possession of personal property, alleged to be unlawfully detained, if a

wrongful conversion of the property by the defendant is shown by the evidence, a demand for the property, before suit brought, and proof of such demand, are alike unnecessary.

SAME.—*Pawn or Pledge.*—*Tender.*—Where personal property is pawned or pledged as a security for a debt or loan, and the pledgee, without notice to the pledgor, wrongfully disposes of the property or converts the same to his own use, the pledgor may sue at once for the recovery of the property, or of its value, without any demand therefor, and without having first paid or tendered the amount of such debt or loan.

SAME.—*Affidavit.*—*County in which Property is Detained.*—In an affidavit in replevin, the statute requires that the affiant should state in what county he believes the property is detained; but it is not necessary to the validity of the verdict, that this statement should be sustained by any evidence.

From the Orange Circuit Court.

*J. Cox* and *W. W. Spencer,* for appellants.

*M. B. Williams,* for appellees.

HOWK, J.—This was a suit by the appellees against the appellants to recover the possession of certain articles of personal property, and damages for the detention thereof. The appellants answered by a general denial of the complaint. The cause was tried by a jury, and the following verdict, signed by their foreman, was returned into court: "We, the jury, find for the plaintiff, and that the defendant Nancy unlawfully detains from the plaintiff Annie Albert the following personal property, mentioned in the complaint, and that the said Annie Albert is entitled to the possession thereof, and that said property is of the value stated herein, to wit: One gold watch and chain, valued at forty-seven ($47) dollars, and that plaintiff has been damaged the sum of one cent on account of the detention thereof; as to the residue of the property mentioned in complaint, we find for the defendant."

The appellants' motions for a new trial, and in arrest of judgment, having each been overruled, and their exceptions saved to each of these rulings, the court rendered judgment that the appellees recover of the appellants the said sum of $47, and one cent damages, and that each party pay their own costs accruing by this suit.

The appellants have here assigned, as errors, the following decisions of the circuit court:

1. In overruling their motion for a new trial; and,

2. In overruling their motion in arrest of judgment.

The alleged error of the court, in overruling the motion in arrest of judgment, may properly be considered first; for this motion called in question the sufficiency of the complaint. It seems to us, that the complaint was sufficient, and would have been good even on a demurrer thereto, for the want of facts. It contained all the allegations required in a complaint in replevin, and all the statutory requisites of an affidavit to obtain a writ for the delivery of the property; and it was duly verified by the appellee Annie Albert. It was sufficient, both as a complaint and as an affidavit in replevin. *Dunn* v. *Crocker*, 22 Ind. 324; *Davis* v. *Warfield*, 38 Ind. 461. Certainly, there was no defect in the complaint, which could not be supplied by the evidence and cured by the verdict; and, therefore, no error was committed by the court in overruling the motion in arrest of judgment. *Donellan* v. *Hardy*, 57 Ind. 393; *Galvin* v. *Woollen*, 66 Ind. 464; *Field* v. *Burton*, 71 Ind. 380.

In their motion for a new trial, the only causes assigned by the appellants therefor were, that the verdict of the jury was not sustained by sufficient evidence, and that it was contrary to law. We have carefully read the evidence, as it appears in the record, and it was sufficient, as it seems to us, to sustain the verdict of the jury on every material point. The complaint charged that the appellants, without right, had possession of, and unlawfully detained, the property in controversy from the appellees. In such a case, the appellants' counsel claim that a demand made for the property, before suit brought, was essential to the maintenance of the action, and that, without proof of such a demand, the defendants were entitled to a verdict. Conceding, without deciding, that this position is well taken, we are of the opinion, that, in this case, there is evidence in the record, which fairly tends to show, and from

which the jury might have fairly inferred and found, that such a demand had been made before the commencement of the action. Besides, evidence was introduced on the trial which strongly tended to prove, and from which the jury might well have found, that the appellants had wrongfully converted the property in controversy to their own use. Where such a conversion is shown or found, a demand of the property, before suit brought, and proof of such demand, are alike unnecessary. *Nelson* v. *Corwin*, 59 Ind. 489; *Proctor* v. *Cole*, 66 Ind. 576; *Bunger* v. *Roddy*, 70 Ind. 26; *Hon* v. *Hon*, 70 Ind. 135.

There was evidence introduced tending to prove that the appellee Annie Albert had pawned or pledged the property in dispute to the appellant Nancy Cox, to secure a loan or debt of ten dollars. Upon this evidence, the point is made by the appellants' counsel, that before the appellee Annie could recover in this case, she must pay or tender the ten dollars loaned or paid to her by Mrs. Cox. But, as we have already said, there was also evidence tending to show, and the jury might have found, that the appellant Nancy had converted the property pledged to her own use, without having first demanded payment of the ten dollars, and without having given notice to the pledgor, Annie, of her intention to dispose of the property, if the debt or loan were not paid. In such a case, the law is settled, we think, that the pledgor may sue at once for the recovery of the property or of its value, without having first paid or tendered the amount of the debt or loan for which the property had been pawned or pledged. *Evans* v. *Darlington*, 5 Blackf. 320; *The Indiana, etc., Railway Co.* v. *McKernan*, 24 Ind. 62, on p. 67; *Wilson* v. *Little*, 2 N. Y. 443.

The appellants' counsel also insist that the evidence was insufficient to sustain the verdict, because it not only failed to show that the property was in Orange county, but it even tended to prove that the property was not in this State, at the time this action was commenced. There is nothing in this point, as it seems to us. True, it is provided in section 129

of the civil code of 1852, that, in the affidavit to obtain a writ for the delivery of personal property, the affiant must state, among other things, in what county he believes the property to be detained; and the verified complaint, in this case, contains the statement that the property was detained in Orange county. But it was not necessary to the validity of the verdict that this statement should be sustained by any evidence. In section 133 of the code, it is provided that "if the sheriff can not find the property or any part thereof, the action shall not abate, but be prosecuted to final judgment." In section 374 of the code, it is further provided, that, in such cases, the judgment for the plaintiff shall be for the value of the property, in case a delivery can not be had, and damages for the detention thereof. In the case at bar, the evidence showed that, when the sheriff of Orange county, by virtue of the writ for the delivery of the property, issued herein and then in his hands, demanded said property from the appellant Nancy Cox, she refused to surrender the same, and that the said sheriff was unable to find the same, or any part thereof. This evidence was sufficient, on the point under consideration, to sustain the verdict and judgment below for the appellees, for the value of the property and damages for the detention thereof.

For the reasons given, we are of the opinion that the court did not err in overruling the appellants' motion for a new trial.

The judgment is affirmed, at the appellants' costs.