Sloan *et al. v.* The Lick Creek & New Bethel Gravel Road Company.

Filed April 28, 1893.

---

No. 844.

Sloan et al. *v.* The Lick Creek & New Bethel Gravel Road Company.

Demand. — *When Necessary.* — *What Equivalent to.* — *Rightful Possession.* — *Conversion.* — *Pleading.* — An action will not lie for property which has rightfully come into the possession of another, unless a demand has been made therefor and refused ; but where the complaint alleges a conversion, and a failure and refusal to account, such allegations necessarily imply a demand, and dispense with a formal allegation to that effect.

Special Finding. — *Not in Consonance with Theory of Complaint.* — *Recovery.* — Where a gravel road company brought suit to recover certain funds belonging to it, basing their action upon the theory that the funds had been converted, and the special finding does not disclose a conversion of the funds, nor a demand therefor prior to the commencement of the suit, such findings can not support conclusions of law favorable to the plaintiff's recovery.

Venire de Novo. — *Motion for Must Precede Judgment.* — *When Proper.* — A motion for a *venire de novo*, which reaches matters of form only, is effective only when the finding or verdict is so defective that a judgment can not be rendered thereon, and, like a motion in arrest of judgment, it must precede the rendition of the judgment.

From the Hancock Circuit Court.

*W. W. Herod, E. Marsh* and *W. W. Cook,* for appellants.

*F. J. Van Vorhis* and *W. W. Spencer,* for appellee.

Ross, J.— This action was brought by the appellee against the appellants and one Rose Sloan, in the Marion Circuit Court. The venue was changed to the Hancock Circuit Court, where the appellee filed an amended and supplemental complaint, upon which issues were formed, and the cause was tried by the court.

At the request of the appellant, the court made a special finding of facts, with conclusions of law thereon. Judgment was rendered on the special finding in favor of the appellee. After the rendition of the judgment, the appellant filed a motion for a *venire de novo,* which was overruled, and thereupon he filed a motion for a new trial, which was also overruled.

Several errors have been assigned for the reversal of the judgment and proceedings of the court below, and these we will consider in the order in which they appear in the record.

It is first insisted that the court erred in overruling the demurrer to the complaint. Omitting the caption, the complaint is as follows:

"The plaintiff complains of the defendants, and for amended and supplemental complaint says that it is a corporation duly organized under the laws of the State of Indiana, for the purpose of constructing, maintaining, and operating a gravel road in Warren and Franklin townships, in the county of Marion, and collecting toll thereon, and that said road was constructed prior to the year 1887, and in operation during the years 1887, 1888, 1889 and 1890; that the stock of said company was 252 shares, of $——; that the defendant William Sloan was, in the year 1887, the owner of a majority of the shares of said stock, to wit, 128 shares, and that he entered into a collusion and conspiracy with his co-defendants, Mary Sloan and Rose

Sloan, and other parties to this plaintiff unknown, to take possession of said road and convert the proceeds to his own and their own use; that, in pursuance of said collusion, he pretended to have transferred to his co-defendants part of said stock, and with legal right or authority said defendants took possession of said road, and all the property and books thereof, and proceeded to collect, and did collect, a large amount of money belonging to the plaintiff, and unlawfully excluded the plaintiff, her officers, directors, and stockholders, except said defendants, from any control over said road, or the property or money thereof, and refused to allow said plaintiff, or any of her officers or stockholders, except said defendants, any access whatever to the books of said corporation, and refused to give them, or any of them, any information whatever concerning the affairs thereof, but asserted and declared that it was his and their intention to so manage the affairs of said company, by paying himself and themselves large salaries and otherwise, that there would be no surplus or dividends, and declared that no stockholder should, at any time, realize one cent on the stock; that the said defendant took possession of said road on or about the 1st day of October, 1887, and retained possession and control thereof until October 11, 1889, at which time this action was originally brought in the Marion Superior Court, of Indiana; that at the time of bringing this action, the defendants had collected a large sum of money belonging to the plaintiff, and to the stockholders thereof, to wit, the sum of two thousand dollars ($2,000), which said sum said defendants and each of them have wholly failed and refused, and still fail and refuse to account for to this plaintiff, to her officers or directors or stockholders.  And this action was brought to compel said defendants to account for said sum as aforesaid; that, after the filing of this action as aforesaid, the said defendants continued in possession of said road and the property and books thereof, and continued to ex-

clude the plaintiff, her officers and directors and stock-holders, except said defendants, from any control whatever of the property or affairs of said corporation, and continued to refuse to allow the plaintiff, her officers, directors and stockholders, any access whatever to the books of said company, and refused to give any information whatever concerning the affairs thereof, and continued to collect the money due and belonging to said corporation.

"And plaintiff further avers that afterwards, on the 16th day of August, 1890, the plaintiff, for the benefit of the stockholders, except the said William Sloan, Mary Sloan and Rose Sloan, purchased all the interest of said defendants in said road; the property, money and stock thereof; and said defendants, by a written instrument, transferred all their interest in said gravel road, and the property, money, stock, and assets thereof to Joshua Vandeman, in trust; which instrument is in the following words and figures, to wit:

" This indenture witnesseth, that William Sloan, Mary Sloan, his wife, and Robert R. Sloan, who are the owners of, or have control thereof, of one hundred and twenty-eight (128) shares of stock in the Lick Creek & New Bethel Gravel Road Company, of Marion county, Indiana, do hereby, for a valuable consideration, transfer and quit-claim all their interest in said stock, and in the said Lick Creek & New Bethel Gravel Road Company to Joshua Vandeman, in trust, for the benefit of the remaining stockholders of said gravel road company, *pro rata,* according to the stock they each hold in said corporation, subject to the order and direction of the board of directors of said gravel road company; the grantors herein covenant and agree that they will cause the certificates representing 128 shares of stock of said road to be assigned to the said Vandeman as aforesaid, in such way that the title thereto shall be legally vested in him as trustee for that amount of the stock of said road, said 128 shares being the stock

held by the grantors herein, and nothing herein shall interfere with or change the rights of either party in the litigation now pending on change of venue in the Hancock Circuit Court, from Marion county, in which litigation the rights of the parties shall be determined to the date of this conveyance.

" In witness whereof, the grantors and obligors have hereunto set their hands, this the 16th day of August, 1890. In duplicate.

his<br>
" William   x   Sloan.<br>
mark.<br>
" Mary F. Sloan.<br>
" Robert R. Sloan.

" State of Indiana, Marion County :

" Before me, Flavius J. Van Vorhis, a notary public in and for said county, came the grantors herein, and acknowledged the execution of the foregoing instrument.

" Witness my hand and notarial seal this 16th day of August, 1890.          " Flavius J. Van Vorhis,

" Notary Public."

" And plaintiff says that said transfer was intended to transfer said stock to the said corporation for the benefit of all her stockholders *pro rata*, except the said defendants; that from the filing of this action in October, 1889, and the execution of said transfer and agreement as aforesaid, the said defendants, in addition to the amount of money received by them before that time, have since that date, and before the execution of said agreement, received the further sum of money due and belonging to said road, and being a part of the property and assets thereof, to wit, fifteen hundred dollars ($1,500), which said sum said defendants have likewise converted to their own use, and have failed and refused, and still fail and refuse, to pay over to the plaintiff, her directors, officers, or stockholders.

" Wherefore plaintiffs demand judgment for the sum of thirty-five hundred dollars and all other proper relief."

The contention is that the demurrer to the complaint should have been sustained because it contains no averment that a demand was made upon the appellants before the commencement of the action for the money which they held, and for which they had refused to account. Our attention has been called to the case of *Claypool* v. *Gish*, 108 Ind. 424, in support of the above proposition. In that case the court says : " It is well settled that a suit can not be maintained against an agent or attorney; to recover money alleged to be in his hands, until after a demand of payment by the principal, and a refusal to pay on the part of the agent or attorney."

Where property is rightfully in the possession of a party, a demand is necessary, and no action will lie, ordinarily, until such demand has been made and its delivery refused. If the original taking of the goods was wrongful, no demand is necessary, but if they came into the possession of the party rightfully, and are merely detained, a demand and refusal of delivery are necessary before suit. *Sherry* v. *Picken*, 10 Ind. 375; *Love* v. *Hoss*, 62 Ind. 255; *Roberts* v. *Norris*, 67 Ind. 386.

But, when an actual conversion is alleged, no demand is necessary before the institution of suit, for a demand and refusal are merely evidence of a conversion. *Robinson* v. *Skipworth*, 23 Ind. 311; *Proctor* v. *Cole*, 66 Ind. 576; *Bunger* v. *Roddy*, 70 Ind. 26; *Snyder* v. *Baber*, 74 Ind. 47; *Knowlton* v. *School City of Logansport*, 75 Ind. 103.

It is alleged in the complaint under consideration that the appellants had collected a certain sum of money belonging to the appellee, which they had converted to their own use, and which they failed and refused to pay over to the appellee. These allegations were sufficient, not only to show a conversion, but also a demand. The allegation that the appellants collected a certain sum of money be-

longing to the appellee, which they have failed and refused to account for, necessarily implies a demand. For there could be no refusal without a demand. *Snyder* v. *Baber*, *supra*.

Many cases have been cited by counsel in support of the proposition that it was necessary to allege a demand, but in none of those cases was there either an allegation of a refusal to account or an allegation of a conversion; hence they have no application in this case.

It is also insisted that the court erred in its conclusions of law upon the facts found. The facts found by the court are as follows:

"*First.* That the plaintiff is a corporation organized under the laws of the State of Indiana, and that prior to the 5th day of October, 1887, the plaintiff was, and has since continued to be, the owners of the gravel road described in the complaint, and located in Franklin and Warren townships, in Marion County, Indiana

"*Second.* That on the 5th day of October, 1887, the defendant William Sloan, being then the owner of a majority of the stock of said gravel road company, procured himself to be elected president thereof, and, together with the defendant Mary Sloan, took exclusive possession of said gravel road, and of the tollhouse and gates situated thereon, and retained, managed, and controlled the same from said date until the 16th day of August, 1890, and collected and received during said time, as tolls from persons traveling on and using said road, money belonging to the plaintiff, amounting to the sum of twenty-eight hundred and seventy-seven and twenty-six one hundredths dollars.

"*Third.* That nine hundred and fifty and thirty-six one hundredths dollars of said money was so collected and received by the said defendants during the year beginning on the 5th day of October, 1887, and ending on the 5th day of October, 1888, and that at a meeting of the stockholders of said company, duly held on said last mentioned

date, a settlement of all accounts and claims between the plaintiff and the defendants William and Mary Sloan, for money so collected and received, and for expenditures claimed to have been made by the said defendants during said year, was agreed upon and made by said parties, and that by such settlement there remained in the hands of the said defendants, a balance of said money amounting to the sum of four hundred and thirty-seven and eight one hundredths dollars.

"*Fourth.* That the remainder of the money so collected and received by the defendants William and Mary Sloan, that is to say, nineteen hundred and twenty-six and ninety one hundredths dollars was received by them from the 5th day of October, 1888, to the 16th day of August, 1890, and that during said time the said defendants expended in regraveling said road, and for other necessary and proper purposes in maintaining and operating the same, including the taxes thereon, the sum of six hundred and eighty-three and eight one hundredths dollars, leaving a balance of the money so received by them from October 5th, 1888, to August 16th, 1890, of twelve hundred and forty-three and eighty-two one hundredths dollars.

"*Fifth.* I further find that from said 5th day of October, 1888, to the 16th day of August, 1890, the defendant William Sloan was the acting president, and the defendant Mary F. Sloan, treasurer of said gravel road company, and that they are entitled to credit for services as such president and treasurer, during such time, at fifty and forty dollars per year respectively, amounting to one hundred and sixty-five dollars; that the defendant Rose Sloan, was the acting secretary of said company during said time, and that her services as such were of the reasonable value of thirty-five dollars, which was paid by the defendants William and Mary Sloan, and to which they are also entitled to credit.

"*Sixth.* That it is provided by the plaintiff's articles of association, that each stockholder shall be entitled, without charge, to five trips over said road in each year, for each share of the plaintiff's stock owned by him, and that it has been the custom of the plaintiff to pay to its said stockholders in money, the value of such five trips, not in fact made by them, and that said defendants have so paid out to the defendant William Sloan and others, as stockholders of said company two hundred and fifty-five and twenty-one hundredths dollars, for which they are also entitled to credit, leaving a balance of the money received by said defendants from October 5th, 1888, to August 16th, 1890, of seven hundred and eighty-eight and sixty-one one hundredths dollars, which, together with the balance remaining in the hands of said defendants aforesaid, at the time of the settlement so found to have been made by said parties, amounts to the sum of twelve hundred and twenty-five and sixty-nine one hundredths dollars, which the said defendants had failed to pay over or account for on said 16th day of August, 1890.

"*Seventh.* I futher find that during such time, that is from October 5th, 1887, to August 16th, 1890, the plaintiff's capital stock was represented by two hundred and fifty-two shares of twenty-five dollars each, and that the defendants William, Mary F. and Robert R. Sloan, were the owners of one hundred and twenty-eight of said shares, and that the other defendants and cross-complainants herein were the owners of the remaining shares thereof.

"*Eighth.* That on the said 16th day of August, 1890, the defendants William, Mary F. and Robert R. Sloan, by contract in writing, sold and assigned to the defendant Joshua H. Vandeman, in trust for himself and the remaining stockholders of the plaintiff, all the stock so owned and held by them, reserving their then existing rights in this action."

Upon these facts the court concluded:

"*First.* That the plaintiffs are entitled to a judgment against the defendants William Sloan and Mary F. Sloan, for twelve hundred and twenty-five and sixty-nine one hundredths dollars, collectible with relief from valuation and appraisement laws, and also for their costs herein, except the costs of this action as against the defendant Robert R. Sloan and the defendants Vandeman and others, who were cross-complainants herein.

"*Second.* That the defendant Robert R. Sloan and the defendants and cross-complainants, are entitled to a judgment against the plaintiffs for their cost herein expended."

It is earnestly insisted that the facts found by the court are not sufficient to warrant the conclusions of law. There are no facts found either of a conversion by the appellants, or of a demand and refusal to account before suit was brought.

A party who bases his right of recovery upon a conversion, can not recover upon another and entirely different theory. So, where the complaint counts upon a conversion of the property by the defendant, the plaintiff can not recover unless the facts show such conversion. The facts found by the court, in its special finding, show that the appellants William Sloan and Mary F. Sloan, were respectively president and treasurer of the appellee company, and as such took possession of and managed and operated the gravel road belonging to appellee, and collected tolls belonging to the appellee, from persons traveling over such road. It is not found that they wrongfully took possession of the road, and collected tolls, neither is it found that they converted such tolls to their own use, nor that upon demand they refused to account therefor. Without some one of said facts having been found by the court, the legal conclusions of the court can not stand.

The treasurer of a corporation is the natural custodian

of its funds, and can not be compelled to turn over such funds, except upon the order of such corporation, or such person or persons as it may have authorized to receive the same, or to manage its business.

There was no error in overruling the motion for a *venire de novo.* A motion for a *venire de novo* reaches matters of form only, and is effective only when the finding, or verdict is so defective that no judgment can be rendered thereon. Therefore, like a motion in arrest of judgment, it must precede the rendition of the judgment. In this case the motion was not filed until after judgment had been rendered on the finding.

Many questions are presented by the motion for a new trial, but their consideration requires an examination of the evidence, which is not in the record. What purports to be a bill of exceptions, containing the evidence, is embodied in the record, but it was never signed by the judge of the court below, hence it is not properly a part of the record.

The cause is reversed, at the cost of the appellee, except the cost of the bill of exceptions, with instructions to grant a new trial.

REINHARD, C. J., not present.

Filed April 28, 1893.