## RUBLE *v.* MASSEY.

No formal declaration is necessary in a suit before a justice of the peace.

Where a precedent condition was to have been performed by the plaintiff, but its performance has been prevented by the defendant, such prevention may be averred as an excuse for the non-performance.

ERROR to the *Wabash* Circuit Court.

BLACKFORD, J.—This was a suit brought by *Tense F. Massey* against *Thomas Ruble*.　The suit was commenced on the 30th of *October*, 1847, before a justice of the peace.　A bond, of which the following is the substance, was filed as the cause of action:

Whereas, *William Ruble* has been arrested and is now in custody at the suit of *Tense F. Massey*, on a writ of *ne exeat* for the sum of 79 dollars and 14 cents; now, therefore, I, *Thomas Ruble*, acknowledge myself special bail for the said *William Ruble* in the said action, in the sum of 158 dollars and 28 cents, to be levied, &c.

The condition is, that said *William Ruble* will either pay the debt mentioned in said writ of *ne exeat* when the same shall become due, or that he will appear and answer to any suit which may be brought against him for the same; and if judgment shall be obtained against him, he will pay the amount thereof, or render his body in execution for the same, or I will do it for him.　*Thomas Ruble*, [seal].　Taken and acknowledged this 30th of

*October*, 1847.　*Samuel Laremore*, justice of the peace, [seal].

The justice gave judgment for the plaintiff, and the defendant appealed.

In the Circuit Court, the defendant pleaded five pleas in bar.

*First. Non est factum*, (not sworn to).

*Secondly.* That there was no judgment in favor of the plaintiff against said *William Ruble* for the supposed debt, &c.

*Thirdly.* That no suit had been brought against said *William Ruble* for the recovery of said debt, &c.

*Fourthly.* No consideration for the bond sued on.

*Fifthly.* Payment of the money mentioned in the condition of said bond.

To the second and third pleas, respectively, the plaintiff replied that long before the debt in this plea mentioned became due said *William Ruble* left the state, and never afterwards returned.　Verification.

Replication to the fourth plea, that there was a valuable consideration, &c.; and to the fifth plea, that the debt had not been paid.

There was a general demurrer to the replication to the second plea, but the demurrer was overruled.

The issues of fact were submitted to the Court, and judgment rendered for the plaintiff for 79 dollars and 14 cents, with costs.

This suit having been commenced before a justice of the peace, no formal declaration was necessary.　It was sufficient to file the bond of the defendant, *Thomas Ruble*, as the cause of action.　R. S. p. 870.　Had a declaration been filed, it must have averred (besides the non-payment of *William Ruble's* debt) that judgment for the debt had been obtained against *William Ruble*, and that he had not been rendered in discharge; or a good excuse for the want of such averment must have been alleged. The law is settled that where a precedent condition was to have been performed by the plaintiff, but its performance has been prevented by the defendant, such preven-

tion may be averred as an excuse for the non-performance. *Hotham* v. *The East India Company*, 1 T. R. 638.— *Heard* v. *Wadham*, 1 East, 619.

In the case before us, the replication to the second plea, by alleging *William Ruble's* departure from the state before his debt became due, and his continued absence afterwards, showed a sufficient excuse for the want of a suit and judgment against him for the debt, which would otherwise have been necessary. That replication is therefore valid, and the demurrer to it was correctly overruled.

The transcript contains all the evidence. The plaintiff, on the trial, introduced the bond sued on, proof of which was not necessary, the plea of *non est factum* not having been sworn to. R. S. p. 711. *William Ruble's* departure from the state before his debt to the plaintiff became due, and his subsequent absence, were proved. The consideration of the bond was sufficient. The debt, namely, a promissory note for 79 dollars and 14 cents, due from *William Ruble* to the plaintiff, was proved, and the defendant gave no evidence under the plea of payment. There can be no doubt, therefore, but that the issues of fact were rightly decided.

*Per Curiam.*—The judgment is affirmed with costs.

*J. L. Jernegan*, for the plaintiff.