## E. A. FLETCHER V. R. F. CUMMINGS.

[FILED JANUARY 20, 1892.]

1. Attorney and Client: COLLECTIONS: THE PETITION construed, and *held* to state a cause of action against an attorney for money collected by him in the course of his employment and in his hands belonging to his client.

2. ———: ———: AN AVERMENT in a petition that the defendant neglected and refused to pay a certain sum of money, though requested so to do, is a sufficient allegation of a demand being made.

ERROR to the district court for Franklin county. Tried below before GASLIN, J.

*E. A. Fletcher*, pro se, cited: *Loveless v. Fowler*, 79 Ga., 134; Bouvier, Law Dic. [15th Ed.], 399, and cases; *Lorillard v. Barnard*, 42 Hun [N. Y.], 545; *Boyer v. Clarke*, 3 Neb., 161.

*A. F. Moore*, contra, cited: *Dillon v. Scofield*, 11 Neb., 422; *Null v. Jones*, 5 Id., 500; *Sanborn v. Follett*, 12 Id., 320; 1 Am. & Eng. Ency. of Law, 958; Weeks, Attorneys, 263; *Voss v. Bachop*, 5 Kan., 67; *Ex parte Ferguson*, 6 Cow. [N. Y.], 596; *Stafford v. Richardson*, 15 Wend. [N. Y.], 303.

NORVAL, J.

This action was brought by the defendant in error, in the county court of Franklin county, to recover the sum of $145, with interest thereon, being money of the plaintiff collected by the defendant as an attorney at law. The defendant filed a set-off for $31.32. Upon the trial the county court rendered judgment in favor of the plaintiff for $127.68, and costs. The defendant appealed the cause to the district court, where the defendant filed a general

demurrer to the petition, which was overruled, and the defendant electing to stand upon his demurrer, judgment was entered for the plaintiff in the sum of $5.85.

The sole question presented for the consideration of this court is, whether the district court erred in overruling the demurrer to the petition.

The petition is as follows:

"The plaintiff says this case came into this court on appeal from a judgment of the county court of this county; that on the 27th day of December, 1887, the defendant had in his possession money collected by him as an attorney for this plaintiff, the property of the plaintiff, in the sum of $145. The defendant was entitled to retain of the amount the sum of $16.50 for services rendered for this plaintiff, and no more, and plaintiff was entitled to the immediate payment of the remaining sum of $128.50. On said 27th day of December, 1887, the defendant converted said sum of $128.50 to his own use, and neglected and refused to pay the same to the plaintiff, though requested so to do. Since the judgment in this case was rendered in county court, the defendant has paid thereon the sum of $123 and no more. There is now due from the defendant to the plaintiff of said money so wrongfully converted by the defendant to his own use the sum of $5.50, with interest thereon from December 27, 1887.

"Wherefore plaintiff prays judgment against the defendant for said sum of $5.50, with interest as aforesaid, and his costs."

We have no doubt the pleading states a cause of action, and the demurrer thereto was properly overruled. The petition clearly shows that Fletcher, as the attorney for the plaintiff, collected for Cummings $145; that plaintiff in error was entitled to retain therefrom as compensation for services rendered for Cummings the sum of $16.50 and no more; that the plaintiff in error converted to his own use,

of the money so collected, the sum of $128.50, but has since the rendition of the judgment in the county court paid the plaintiff below $123, and no more, and that there is due from Fletcher $5.50.

The allegation is that "the defendant converted said sum of $128.50 to his own use, and neglected and refused to pay the same to the plaintiff, though requested so to do." This was a sufficient allegation of demand for the money on the part of the plaintiff and refusal to pay by the defendant.

It is suggested by plaintiff in error that he tendered, in the county court, to the plaintiff below, $123, and after judgment the plaintiff accepted the tender so made, and for that reason the debt is discharged. There is nothing in the record before us to show that any tender was made. It does appear that Mr. Fletcher offered in writing to allow judgment to go against him for $123 and costs, and that some time after judgment was entered in the county court plaintiff's attorney received of Mr. Fletcher "$123, to apply as *part* payment upon judgment of *Cummings v. Fletcher.*" The receipt of this money did not discharge the debt. It was accepted only as part payment. If the defendant desired a larger sum as compensation for his services as attorney for the plaintiff, he should have presented such defense in an answer, as he did in the county court, instead of demurring to the petition. No defects appear upon the face of the petition and the demurrer was properly overruled. The judgment is

AFFIRMED.

THE other judges concur.