No. 16,448.

|136 339|
|138 127|

## FERGUSON ET AL. *v.* HULL ET AL.

RECORD.—*Presumption.—Burden of Proof.*—The presumption is always in favor of the correctness of a record, and, when it is challenged, the onus is cast upon the person who seeks to show that it does not speak the truth.

JUDGMENT.—*Review of.—Causes for.—Execution.—Levy of.—Irregularities in.—Void or Voidable.—Misjoinder of Causes of Action.*—In an action to review a judgment, only the errors committed prior to, and in connection with the judgment can be considered. If there were anything irregular as to the issuing of the execution, or in the levy to satisfy the same, or if, for any cause, the execution, or the levy thereunder, was void or voidable, such matters are not cause for, and can not be considered in, an action to review the judgment.

The court may review any of its proceedings that enter into, or are connected with, and form part of, the judgment rendered by it, but not the acts of an officer, after judgment, in trying to enforce the collection of the same. For such irregularities a separate remedy exists, which can not be joined with an action to review.

HARMLESS ERROR.—*Demurrer.—Conclusions of Law.*—Error in the overruling of a demurrer may be cured by the conclusions of law upon the facts found.

SUPREME COURT PRACTICE.—*Complaint.—How Questioned on Appeal.*— Only the entire complaint can be questioned for the first time on appeal.

SAME.—*Presumption.—Correctness of Decision.*—Where the evidence is not in the record, and there is no showing as to what paragraph the judgment rests upon, this court will presume everything in favor of the correctness of the decision of the court below.

PLEADING.—*Complaint.—Exhibits Referred to.—Failure to Set Out.*— Where a complaint refers to exhibits, and fails to set them out, such failure is not fatal to the pleading, where the exhibits referred to are not the basis of the action.

SAME.—*Complaint.— Demand, When Sufficiently Alleged.—Waiver.*— Where a demand is a prerequisite to a right of action, an allegation "that the defendants refused to pay" is sufficient, as such allegation impliedly shows a demand, or, if the refusal was without a demand, it was a waiver of demand.

From the Lawrence Circuit Court.

*M. F. Dunn*, for appellants.

*J. A. Zaring* and *M. B. Hottel*, for appellees.

DAILEY, J.—This is an action on a complaint to review a judgment, brought by the appellants against the appellees, in the Lawrence Circuit Court at its December term, 1890.

The complaint in this case, and in each paragraph thereof, charges, in substance, that a judgment was rendered in favor of the appellees, Hull and Boswell, on the 3d day of May, 1890, for the sum of $2,500, and that on the 20th day of said month an execution was caused to be issued by said plaintiffs, against the defendants therein, and placed in the hands of the defendant Day, sheriff of said county.

Ferguson *et al. v.* Hull *et al.*

It is also averred that an appeal was prayed from the said Lawrence Circuit Court, to this court, and that twenty days from May 3d, 1890, were granted these appellants, who were plaintiffs below, within which to file their appeal bond.

It is also shown, that within said twenty days the execution was issued, and, before the expiration of said time, placed in the hands of the said sheriff; that by virtue of this execution the sheriff levied upon the property described in the return thereon.

It is further shown in each paragraph of the complaint, that said execution was issued upon the judgment against Marion Ferguson, William Ferguson, and Oliver Ferguson, and that the names of all the Fergusons were, originally and at the time of the issuing of the execution, upon the face of said execution and upon the face of the judgment; that subsequently, without the consent or knowledge of any of the defendants—appellants—and in vacation, court having adjourned to court in course, both the execution and the judgment record were altered and changed without the order of the court, so as to make said judgment and said execution to read as a judgment and execution against Marion and William Ferguson alone.

To each paragraph of the complaint a demurrer was overruled as to the defendant Day, and sustained as to the defendants Hull and Boswell; Oliver Ferguson not being found, no further proceedings were taken against him.

The defendant Day subsequently filed his answer in two paragraphs, to each paragraph of the plaintiffs, complaint.

To the second paragraph of this answer plaintiffs filed their demurrer, which was overruled by the court, and to this ruling the plaintiffs at the time excepted.

The appellants discuss, at great length, many questions involving the sufficiency of the sheriff's return; the sufficiency of the second paragraph of the defendant Day's answer to meet the averments of the complaint; the failure to aver a demand upon William Ferguson for individual property, or upon Marion and William Ferguson for joint property, or any search whatever for the individual or joint property of either of said parties. They insist, that the judgment was originally a judgment against Marion, William, and Oliver Ferguson; that no right of amendment, no right to change or deface the record by adding parties defendant to the judgment in the record when once signed, or by obliterating the name of defendants therefrom, could exist outside of the power of the court; that only a *nunc pro tunc* entry on the order of the court could make the judgment one against less than three of the Fergusons; that the judgment, when made, was conclusive and imported absolute verity; that the execution was improvidently and improperly issued against William, Marion, and Oliver Ferguson, upon a judgment against all three of them; that there was but one execution issued, and subsequent thereto the record was amended in vacation, and the execution already issued was then amended to correspond with the amended record, by erasing the name of Oliver Ferguson both from the record and the issued execution; that this power is inherent in the court and vested nowhere else, the clerk and sheriff are not clothed with judicial power, and can not legally disturb the record in vacation, nor can it be legally done by any ministerial or clerical officer; that sureties for appeal were suggested and approved, and twenty days were given appellants from May 3d, 1890, in which to file bond; that on the 20th day of May, 1890, seventeen days after such order of the court, this execution was issued; that where the court has made such an

order and granted a given length of time in which to file bond, and approved the sureties thereon, such order is an absolute stay of all proceedings, until the expiration of the time given, otherwise the order would be a useless and vain thing—hence appellants argue that the order, in effect, was an absolute supersedeas, and appellants had the right to rely on the fact that no execution would be issued within the limit; that the appellees were guilty of negligence with reference to these matters, and can not be permitted to take advantage of their own laches in failing to proceed in consonance with the law, and the execution from its birth was a nullity.

Many other suggestions and criticisms are indulged in by the brilliant and learned counsel for the appellants, with reference to the failure of the sheriff to make proper demand and levy, and concerning the inadvertent spoliation of the record, much of which is elementary; but these are matters that can be in no wise raised on a complaint to review a judgment.

"The rendition of a judgment is a judicial act. Its entry upon the record is merely ministerial." Freeman on Judgments, pages 55 and 56.

The presumption is always in favor of the correctness of a record, and when it is challenged the onus is cast upon the person who seeks its overthrow to show that it does not speak the truth. Necessarily, by the very nature and name of the action itself, only the errors committed prior to, and in connection with, the judgment, can be reviewed in this kind of an action.

There are but two causes for review:

1st. Error of law appearing in the proceedings and judgment.

2d. Material new matter discovered since the rendition of the judgment.

If there were anything irregular in the mode, or in

the time of the issuing of the execution, or in the levy to satisfy the same, or if for any cause the execution or the levy thereunder was void or voidable, appellants had their remedy. They could have enjoined the sale, but they can not have such matters reviewed in the action they here bring. That such matters can not be cause for, or considered in, a suit to review a judgment, we think is well settled. We here cite Works' Prac. and Pl. on the subject of review of judgments, sections 1049 to 1057, inclusive, and the authorities there cited.

In section 1049, the author says: "It is said, in the syllabus to one case, that a judgment may be reviewed on the ground that it was obtained by fraud, but the case does not so decide, and clearly such is not the law. The new matter contemplated by the statute must mean some fact or facts going to make up the original cause of action or defense, and not some act of fraud by which the judgment was obtained. If the fraud goes to constitute the cause of action, it is a fact that may amount to new matter within the statute. But where the fraud is in obtaining the judgment, while it may be ground for setting it aside, it is not ground for review." See, also, *Nealis, Admr.,* v. *Dicks,* 72 Ind. 374.

In the case at bar, the only new matter relied upon is the fraud or irregularity, after judgment, of the clerk and sheriff, parties not known in the original action. Under the motion and view of counsel for appellants, he should have made the clerk a party to this proceeding. If counsel urges that it was error of law, we only need say that no such question could be presented in the Supreme Court if the original action had been appealed, and, therefore, can not be presented in an action to review. *Rice* v. *Turner,* 72 Ind. 559 (562); *Richardson* v. *Howk,* 45 Ind. 451.

Mr. Works, in section 1057, *supra,* in discussing the

vacating of a judgment, shows clearly the nature of a review of judgment, also that it can not be had for fraud, even in procuring the judgment, but that the remedy, in such case, would be a direct suit to vacate.

In this connection, in speaking of the section of the statute providing for a review of judgment, he says: "It is evident that the article of the code referred to is intended to apply to cases where a reëxamination or reconsideration of the proceedings is necessary in order to give adequate and just relief. Review ordinarily means to reconsider or reëxamine, and it is obvious that this is the meaning attached to the word by our code."

It can not be said that the court can review, or reconsider, or reëxamine an act of an officer in issuing an execution, or in making a levy to satisfy an execution issued on a judgment rendered by it. To review, or reconsider, or reëxamine, means to look into, consider or examine something that has already been once considered or examined. The court may review or reëxamine any of its proceedings that enter into, or are connected with, and form a part of, the judgment rendered by it; but not the acts of the officer, after judgment, in trying to enforce the collection of the same.

If judgment were wrongfully taken against Oliver Ferguson, without having had process on him, he, or, if dead, his representatives, might have had the judgment as to himself, or his estate, vacated on that ground; but no such question enters into the action here brought for a review of judgment by parties other than Oliver Ferguson. The fact that judgment was taken against a party without defaulting him, would not be a ground for review, even for him. *Doherty* v. *Chase,* 64 Ind. 73.

In this case, there is a dispute as to whether the judgment in the original action included Oliver Ferguson, and as to whether the correction of the record by

striking out his name was made before the record was signed.

We think the record, complete, shows that the judgment was taken only against William and Francis M. Ferguson, even with Oliver's name included; because only William and Francis M. moved for a new trial, and the record shows an overruling of the motion and a judgment against "said, etc.," meaning, of course, judgment against the parties who moved for a new trial. The word "said," referred back to the parties who made such motion, and showed that the judgment was only rendered against the parties whose names were in the motion for a new trial.

The only pretense for connecting appellee Day, sheriff of Lawrence county, with this case, is the irregularities connected with the alleged change of judgment, the issuing of the execution to satisfy the same, and the levy made thereunder.

If such question could not be reviewed in a proceeding of this kind, we would then have in appellants, complaint two causes of action improperly joined. If appellants have any action whereby they could obtain relief, or a remedy against the irregularities complained of (and they doubtless have), that action is wholly independent of and different from one for review, both in its nature and its remedy and the parties to be affected thereby.

If an officer do wrong in enforcing collection of a judgment, his act in no wise affects or disturbs the validity of the judgment itself, and can in no manner reflect any error back on the court, had in the obtaining of the judgment, for which there may be a review. The officer himself is responsible for his irregularities and shortcomings, and the law provides a remedy for any such grievances; but the law does not provide that such action may be joined with, and such officer made a party

to, an action to review the judgment itself. Here there is misjoinder of causes of action.

We are of the opinion that the demurrer of Day for misjoinder of causes of action should have been sustained. Works' Pr., volume 1, sections 487 to 490, inclusive; *Goff* v. *May*, 38 Ind. 267; *Lane* v. *State, ex rel.*, 27 Ind. 108; *Bougher* v. *Scobey*, 16 Ind. 151; *Fritz* v. *Fritz*, 23 Ind. 388; *Langsdale* v. *Woollen, Admr.*, 120 Ind. 16.

The special finding of facts shows that the only cause of action attempted to be found against Day is the irregularity of the issuing of the execution and the levy made thereunder by him, and it is substantially the same question which was presented by the demurrer to the complaint. The court, in its conclusions of law, simply righted its wrong, and corrected its mistake in the ruling on the demurrer of Day, sheriff.

We think the demurrer of the sheriff, both on the ground of misjoinder of causes of action and for want of sufficient facts, was good; and a demurrer for either cause would have been properly sustained, although the overruling is not reversible error. But the court having overruled this demurrer, its conclusions of law upon the facts found had the effect, so far as the appellees are concerned, of correcting this error. But are these facts stated in the complaint sufficient to constitute a cause of action against appellees, Hull and Boswell? In other words, did the court err in sustaining the demurrer of said defendants to the complaint, or either paragraph thereof? The only errors upon which the appellants can rely, and the only questions presented by the proceedings to review, are the rulings of the court below in overruling the demurrer of defendants in the original case to the first and second paragraphs of Hull and Boswell's complaint.

There was no demurrer to the third paragraph, and the fourth paragraph was dismissed. It is true, the sufficiency of a complaint may be presented by an action to review, just as in the Supreme Court on an appeal, without demurrer, but here the appellants have raised no question as to the sufficiency of the third paragraph of the original complaint, and, if they did, it would withstand all objections that might be urged, because it is simply a paragraph for money had and received. So the rulings of the court below, in the original action, left, to which appellants can urge objection, is the ruling of the court in overruling the demurrer to the first and second paragraphs of the complaint.

We think these paragraphs are good. The only questions raised by counsel are that they are deficient because they fail to set out the exhibits referred to therein, and for the further ground that no demand was made. The record fails to show any exhibits accompanying said paragraphs, but this was unnecessary, because the exhibits referred to are not the basis of the action, and are not therefore necessary parts of the complaint.

As to the second objection, that no demand was made, this is obviated by the allegation that defendants refused to pay. These allegations impliedly show a demand, otherwise there would not likely have been a refusal to pay. But if they refused to pay, even without demand, this was a waiver of demand, an act by them that relieved plaintiffs from the necessity of making demand. There are no defects in these paragraphs, that would not be cured by a verdict or finding. But even if they were bad, this court is not informed upon what paragraph of complaint the court below found. It may be that the court found upon the third paragraph of the complaint. Where the evidence is not in the record, and there is no

showing as to what paragraph the court found upon, the court will presume everything in favor of the correctness of the decision of the court below. *Stevens* v. *City of Logansport,* 76 Ind. 498; *Weller* v. *Becktell,* 2 Ind. App. 228; *Hoffman* v. *Toll,* 2 Ind. App. 287.

If the finding of the court was on the third paragraph of the complaint, then any error in overruling a demurrer to the first and second paragraphs thereof would be cured, and appellants could not avail themselves of. any error on account of such rulings, if any were committed.

We think a correct result was reached by the trial court and that the judgment should be, and is, in all things affirmed.

Filed Jan. 30, 1894.