## THE PEOPLE'S BUILDING, LOAN AND SAVINGS ASSOCIATION v. REYNOLDS.

[No. 2,007.    Filed April 27, 1897]

CONTRACT.—*Breach Of.—When Complaint Need Not Allege Perform-ance on the Part of Plaintiff.*—In an action for breach of a con-tract containing reciprocal covenants or mutual conditions to be performed, and one of the parties puts it out of, or beyond the power of the other to perform the covenants or conditions to be performed by him, the latter is thereby relieved from such performance, and if the complaint avers such facts it will not be demurrable for failure to allege performance on the part of plaintiff.    *p. 456.*

COMPLAINT.—*Sufficiency of in an Action to Recover Deposits Made in a Building and Loan Association.—Demand.*—An averment in a complaint in an action to recover from a building and loan associa-tion deposits made by plaintiff, which avers that defendant neg-lected, failed and refused to return the sums of money paid, are equivalent to a positive allegation that a demand had been made, and a return thereof refused.    *p. 458.*

SAME.—*Need Not Aver an Offer to Return Certificate in an Action to Recover Funds Deposited in a Building and Loan Association.*—In an action to recover deposits made in a building and loan associa-tion under a certificate of stock, which, by the terms thereof, had been forfeited by nonpayment of installments, need not show an offer on plaintiff's part to return the certificate, where such certifi-cate was brought into court as the basis of the action.    *pp. 459, 460.*

APPEAL AND ERROR.—*Longhand Manuscript of Evidence.—How Made Part of Record.*—It must affirmatively appear from the rec-ord that the longhand manuscript of the evidence was filed in the clerk's office before being embodied in the bill of exceptions.    *p. 460.*

From the Marion Superior Court.    *Affirmed.*

*Fishback & Kappes*, for appellant.

*H. Dailey* and *G. R. Estabrook*, for appellee.

WILEY, J.—The appellant is a corporation organ-ized under the laws of New York, and has its home, or principal office, at Geneva, in that state. Its name in-dicates the character of the association. The appel-

lant, in February, 1891, established a branch office in Indianapolis, under the management and control of an agent. The appellee subscribed for, and said agent issued to her, ten shares of stock in appellant association. Appellee sued to recover back money paid on her certificate of stock. The complaint was in two paragraphs. In the first paragraph it is averred that she had issued to her, through and by the agent of appellant at Indianapolis, ten shares of stock in appellant association, for which she was to pay in monthly installments, at said agency in Indianapolis, and no place else; that for that purpose, appellant, through its said agent, issued to her a pass, or receipt book, which she was required to present to the agent at said agency when paying her monthly installments; that she transacted all her business with the appellant through said agent, and the appellant undertook and promised to keep an agent and an agency in said city for the transaction of its business with appellee, and that the appellee was not required to communicate with appellant at its office in Geneva, New York, in transacting her business with it; that appellant, well knowing that fact, and after appellee had paid dues and installments on said certificate for the months of February, March, April, May, June, and July, 1891, to said agent in the city of Indianapolis, wrongfully withdrew said agency at Indianapolis, and though appellee tried frequently after that time to find said agent and agency, to pay further installments on said certificate of stock, she was unable to do so, because said agency had been withdrawn. The complaint further avers, that by the terms and conditions of said certificate of shares, if she failed to pay dues thereon for three consecutive months, said certificate became forfeited to appellant; that appellant did not have an agency or agent in said city to receive and receipt for

said dues within three months from the 25th day of July, 1891, at which time she paid her last installment, and at no time during the three months next succeeding her said last payment was there an agent in said city, to whom she could pay said dues. It is also alleged that at the time of commencing the action, and prior thereto, all the time from three months from July 25, 1891, said certificate was of no value whatever, and for that reason she did not surrender or offer to surrender the same to the appellant before commencing said action, and that she brought said certificate into court for the use and benefit of appellant, and to be disposed of by it; that she was at all times ready and willing to keep and perform the conditions of said certificate on her part; that appellant has failed and refused to return to her said money so paid, but has wrongfully appropriated and converted the same to its own use.

The second paragraph of complaint is simply for money had and received.

The court below overruled a demurrer to each paragraph of the complaint. The issue was joined by a general denial, trial by the court, and judgment for appellee.

Four errors are assigned, but in the condition the record comes to us, only the first and second specifications of the assignment of error are available, and they are as follows:

First. The complaint does not state facts sufficient to constitute a cause of action.

Second. The court erred in overruling the appellant's demurrer to the first paragraph of complaint.

The appellant has waived the first assignment of error, by failing to discuss it, for counsel expressly say in their brief: "We desire to discuss only the second, third, and fourth."

Appellant's first contention is that the first paragraph of the complaint is insufficient, because it does not aver or show that appellee performed the conditions of the contract on her part.

In an action upon a contract, the rule that the plaintiff must aver performance on his part or plead facts which will constitute a valid excuse for nonperformance, is adhered to, as we understand it, by the courts of last resort in most, if not all, of the states, and this rule is sound in principle. In a contract where there are reciprocal covenants or mutual conditions to be performed, where one of the parties puts it out of, or beyond the power of the other to perform the covenants or conditions to be performed by him, he is thus relieved from such performance, and in a complaint upon the contract, for a breach, if the complaint avers such facts, it will not be demurrable for a failure to allege performance on the part of the plaintiff.

The rule is briefly and pointedly stated in the Encyclopaedia of Pleading and Practice as follows: "In lieu of allegations of performance the plaintiff may allege facts in excuse for nonperformance." 4 Ency. of Pl. and Pract., p. 629. See, also, *Couch* v. *Ingersoll*, 2 Pick. (Mass.) 292; *Buess* v. *Koch*, 10 Hun. (N. Y.) 299.

It was held in *Ruble* v. *Massey*, 2 Ind. 636, that where a condition was to have been performed in a contract by the plaintiff, and he was prevented from performing it, the allegations of the complaint showing such prevention was a sufficient excuse for nonperformance.

Counsel for appellant recognize the force of this rule when they say in their brief, "*Plaintiff must plead performance, or a valid excuse for nonperformance,*" and in this admission, in view of the facts pleaded, they inadvertently admit the sufficiency of the complaint upon the point now under consideration. The demur-

rer admits the truth of the allegations.   The facts averred in the complaint clearly show that the appellant undertook and agreed to keep an agent, and maintain an agency at the city of Indianapolis to accept the monthly dues and installments of the appellee; that appellee was not required to pay them elsewhere; that in pursuance of the agreement, the appellant did so maintain an agency for six months immediately succeeding the time appellee subscribed and had issued to her the certificate of stock; that after that time such agency was discontinued and withdrawn from Indianapolis, without notice to her; that she was unable to find any person to whom she was authorized to make such payments; that such agency was discontinued for more than three months, and that by the terms of her said certificate a failure to pay for three months constituted a forfeiture thereof; and that she was ready and willing to perform her part of said contract, but was prevented from so doing by the acts of the appellant.

In *Riley* v. *Walker*, 6 Ind. App. 622, this court, by Lotz, J., said: "It is unnecessary to allege performance, or readiness to perform on the part of the plaintiff, where it is shown that the defendant has repudiated the contract, or affirmatively refused to perform, or denies liability under it."   See, also, *Floyd* v. *Maddux*, 68 Ind. 124; *Mathis* v. *Thomas*, 101 Ind. 119; *Phoenix, etc., Life Ins. Co.* v. *Hinesley*, 75 Ind. 1.

We think the complaint clearly shows that the appellant, by its own acts, put it beyond the power of the appellee, within the terms of the contract, to perform the conditions imposed upon her, and excused her therefrom, and she had a right to assume, under these facts, that the appellant did not intend to comply with its terms.

These facts, as pleaded, and being admitted to be

true by the demurrer, bring the case clearly within the rules above stated, and are clearly sufficient.

It is next contended that the complaint was demurrable because it does not aver a demand before the commencement of the action. We do not think this contention is well grounded. The complaint does aver that the appellant failed, neglected and refused to return to appellee the sums she had paid as dues, installments, etc. The general rule provides that where money or property is in the rightful and lawful possession of a party, an action will not lie by one who claims possession, until a demand has been made and a delivery refused.

The averments of the complaint, that the appellant had neglected, failed and refused to return the sums of money paid, etc., are equivalent, we think, to a direct and positive allegation that a demand had been made and a return refused.

As was said by this court in *Sloan* v. *Lick Creek, etc., Gravel Road Co.*, 6 Ind. App. 584: "An action will not lie for property which has rightfully come into the possession of another, unless a demand has been made therefor and refused; but where the complaint alleges a conversion * * * such allegations necessarily imply a demand, and dispense with a formal allegation to that effect." See, also, *Robinson* v. *Shipworth*, 23 Ind. 311; *Proctor* v. *Cole*, 66 Ind. 576; *Bunger* v. *Roddy*, 70 Ind. 26; *Snyder* v. *Baber*, 74 Ind. 47: *Knowlton* v. *School City of Logansport*, 75 Ind. 103.

In the case at bar, the complaint not only charged a conversion, but alleged a refusal, neglect, and failure to return the money paid by appellee. These averments clearly imply a demand, for, as was said in *Snyder* v. *Baber, supra*, there could be no refusal without a demand.

In *Ferguson* v. *Hull*, 136 Ind. 339, it was said: "As

to the second objection, that no demand was made, this is obviated by the allegation that defendants refused to pay. These allegations impliedly show a demand, otherwise there would not likely have been a refusal to pay. But if they refused to pay, even without demand, this was a waiver of demand, an act by them that relieved plaintiffs from the necessity of making demand."

The insistence of the appellant that the complaint is insufficient for a failure to aver a demand, is therefore untenable.

The third objection to the sufficiency of the first paragraph of the complaint, as urged by appellant, is that it does not aver that the appellee offered to surrender her certificate of stock before the commencement of the action.

We are not cited to any authority in support of this contention, and no argument, further than the assertion that "such surrender must be made before suit, to be of any avail." The complaint does aver that "said certificate was of no value whatever, and for that reason she did not surrender or offer to surrender the same to the defendant before bringing this action. She now brings said certificate into court for the use and benefit of the defendant and to be disposed of by it." It is admitted by the demurrer that the certificate of stock became worthless and was of no value whatever, and hence it was unnecessary to allege an offer to return or surrender it before suit. By the express terms of the certificate, as alleged in the complaint, a failure to pay the monthly installments for three successive months, worked a forfeiture of it, and this fact appellant was bound to know. It being forfeited, it was necessarily without value, and that forfeiture resulting from the acts of the appellant, it can not now complain that no offer was made to surrender

it, and especially is this true in view of the fact that it was brought into court for the use and benefit of the appellant.

The complaint states a good cause of action, and the court did not err in overruling the demurrer thereto.

Appellant strongly urges that the court erred in overruling its motion for a new trial. The only question discussed is, that the *"decision of the court is not sustained by sufficient evidence, and is contrary to law."* The third specification of the assignment of error is, that the court erred in overruling appellant's motion for a new trial.

The evidence is not properly in the record, and hence this assignment of error presents no question for our decision.

The bill of exceptions was signed by the trial judge November 30, 1895, and so certified by him. The longhand manuscript of the evidence, as transcribed by the official reporter, was filed in the clerk's office, December 9, 1895, and this fact is certified by the clerk, under the seal of the court.

It will be observed that it affirmatively appears that the longhand manuscript of the evidence was not filed in the clerk's office until nine days after it was embodied in the bill of exceptions.

Under the repeated decisions of the Supreme and this court, the evidence is not in the record, and appellant's motion for a new trial, on the ground that the "decision is not supported by sufficient evidence and is contrary to law," raises no question for our decision.

We find no error in the record, and the judgment is affirmed.