# McCleskey & Whitman *v.* Howell Cotton Co.

## *Action for Breach of Contract of Sale.*

(Decided June 7, 1906. 42 So. Rep. 67.)

1. *Sales; Contract; Breach; Action; Complaint.*—The complaint having alleged defendant's refusal to deliver the cotton contracted for, and plaintiff's readiness and willingness to receive and pay for same, *ex vi termini*, these allegations import a demand for delivery and a refusal, and the complaint was not subject to demurrer for failing to allege a demand and refusal.

2. *Same; Offer and Acceptance.*—An offer of sale of personal property, when made, is deemed to continue in force until refused or accepted, unless withdrawn before acceptance, and if this is relied on, it is a matter to be specially set up as a defense, and the complaint need not negative its withdrawal before acceptance.

3. *Same; Acceptance by Telegram.*—Defendant (appellant) directed plaintiff's buyer and agent to offer plaintiff a certain amount of cotton at a certain price, which was done, and plaintiff (appellee) filed with the telegraph company an acceptance immediately and before being notified of a withdrawal of the offer; Held, to constitute a sufficient acceptance to form a contract of sale.

4. *Principal and Agent; Offer and Acceptance.*—Appellants requested appellee's agent and buyer to communicate to appellees

[McCleskey & Whitman v. Howell Cotton Co.]

an offer of certain cotton at a specified price; Held, this constituted appellee's buyer appellant's agent to make the offer and receive acceptance, so that an acceptance of the offer made known to the agent was binding on the appellants without their having actual notice thereof.

5. *Pleading; Demurrer to Complaint.*—It is proper to overrule a demurrer addressed to a part of a count; a demurrer must go to the whole count to be available.

6. *Appeal; Record; Exceptions; Review.*—Motion to strike and the court's action thereon must be shown by the bill of exceptions, as must the exception thereto, and not on the record proper, before this court will review such action of the trial court.

7. *Trial; Objection to Evidence; Sufficiency.*—Where the interrogatories are not numbered in the record, and objection is made the answer of a witness "to the 9th and 10th district interrogatory, to each separately and to each separate statement contained in the answers," because the same are illegal, irrelevant and immaterial, this court cannot know to what the exception goes, and moreover the objectionable answers, or parts thereof, should have been specifically pointed out by the objection.

8. *Evidence; Best Evidence.*—It is permissible to permit a witness to state the meaning of the cypher words used in the telegram, if he knew them, without producing the cypher code or key.

9. *Sales; Breach of Contract; Damages.*—If there was no cotton market for the purchase of cotton similar to that offered and accepted, at the place of the offer and acceptance, the damages for the breach of the contract of sale was the difference in the price at which the cotton was offered and accepted and the price plaintiffs (appellees) would have to pay for the same quality and quantity of cotton at the nearest available market where it could be obtained.

10. *Same; Offer and Acceptance; New Terms.*—The use of the words, "ship promptly" in the telegram of acceptance, meaning within a reasonable time, cannot be construed as adding any new or additional terms to the contract, but are mere shipping directions.

11. *Trial; Affirmative Charge.*—The making and breach of the contract being indisputably established by evidence without adverse inference, the plaintiff was entitled to nominal damages and to the affirmative charge, and it was harmless error to refuse defendants requested instructions.

12. *Same; Instructions.*—A charge that if the jury did not believe the evidence they must find for the defendant was bad and properly refused.

APPEAL from Marshall Circuit Court.

Heard before HON. W. W. HARALSON.

Action by the Howell Cotton Company against Mc-Cleskey & Whitman. From a judgment for plaintiff, defendant appeals.

This is an action to recover damages for the breach of an executory contract. The complaint is in the following language: "Count 1. The plaintiff claims of the defendants $250 as damages for the breach of a contract for the sale of 200 bales of cotton by defendants to plaintiff on the_____day of January, 1904, by which defendants offered to sell to plaintiff 200 bales of cotton at 13 1-4 cents per pound, which offer was duly accepted by plaintiff on the day it was made, and after its acceptance the defendants refused to deliver said cotton to plaintiff and plaintiff was ready and willing to pay for said cotton on delivery. Count 2. Plaintiff claims of the defendant the further sum of $250 as damages for the failure by defendants to deliver to plaintiff 200 bales of cotton, which cotton defendants offered to sell plaintiff on the _____day of January, 1904, and plaintiff accepted said offer on said bales and so notified defendants, and were ready to pay for said cotton on delivery to them, but the defendants refused to deliver said cotton to plaintiff to its damage as above set out. Count 3. Plaintiff claims of the defendants the further sum of $250 as damages for the failure and refusal of defendants to deliver to plaintiff 200 bales of cotton, which defendant on the_____day of January, 1904, offered for sale to plaintiff, through one J. B. Marsh, plaintiff's agent, at 13 1-4 cents per pound, who telegraphed said offer at defendants' instance to plaintiff, at Rome, Ga., who thereupon and on said day, telegraphed said J. B. Marsh accepting defendants' offer of said cotton, which was duly communicated to defendants, who thereupon failed and refused to deliver said 200 bales of cotton to plaintiff who was ready and willing to pay the purchase price agreed upon. Count 4. Plaintiff claims of the defendants the further sum of $250 as damages for that heretofore, to-wit, on the_____day of January, 1904, the defendants, who were merchants doing business in

Boaz, Ala., authorized one J. B. Marsh, who was plaintiff's agent, to telegraph plaintiff who was doing business in Rome, Ga., offering them 200 bales of cotton at 13 1-4 cents per pound, which the said Marsh did. After said offer had been made by telegraph, but before said Marsh or defendants had been notified of its acceptance, the defendants notified said Marsh to telegraph plaintiff withdrawing their offer to plaintiff, which he immediately did; but before said telegram reached plaintiff in the usual course of business, they had telegraphed to said Marsh accepting defendants' offer on said 200 bales of cotton, and said Marsh immediately notified defendants of said telegram of acceptance, and thereupon they refused to deliver said cotton which plaintiff was ready and willing to pay for at the agreed price. Plaintiff on said day sold said cotton, and when notified that defendants refused to deliver the same, they went into the market and purchased 200 bales of cotton to fill their said contract at the market value which was 1-4 of a cent per pound more than they agreed to pay defendant for said cotton, amounting to $250, which amount plaintiff was damaged, and hence sues to recover." Defendant interposed the following demurrers to count 1: "(1) Because it is not averred that said offer to sell was accepted while said offer was pending. (2) Because it is not averred that the defendant agreed to sell and plaintiffs to buy said cotton at the same moment. (3) Because the time of delivery is not averred. (4) Because the place of delivery is not averred. (5) Because the time and place of demand for delivery is not averred. (6) Because the weight of the bales of cotton offered is not averred. (7) Because it is not averred that the plaintiff demanded the delivery of said cotton. (8) Because the date of said alleged transaction is not averred." The grounds of demurrer assigned to count 1 were separately assigned to count 2. The grounds of demurrer assigned to counts 1 and 2 were separately assigned to count 3, with the following additional grounds: "(9) Because the averment that plaintiff's telegram to Marsh was duly communicated to defendants is the averment of a conclusion. (10) Be-

cause it is not averred when plaintiff's telegram to Marsh was communicated to defendants. (11) Because it is not averred that defendants' offer was still open when plaintiff's aceptance was communicated to defendants. (12) Because the count fails to show that there was a meeting of the minds of the parties upon a contract to sell the cotton." The grounds of demurrer separately assigned to counts 1, 2, and 3 were assigned to count 4 with the following additional grounds: "(13) Because said count shows that the offer to sell was withdrawn by defendants before acceptance by plaintiff. (14 Because the offer to sell was withdrawn by defendants before plaintiff notified defendants of their acceptance thereof. (15) Because the option was revocable by defendants at pleasure, and was revoked before acceptance. (16) Because it is shown that Marsh, plaintiff's agent, was notified of the withdrawal of the offer to sell before acceptance thereof by plaintiff. (17) Because it is shown that there was in fact no contract for the sale of said cotton. (18) Because it is shown that there was no meeting of the minds of the parties upon the offer to sell at the same moment of time. (19 Because the measure of damages claimed is not a proper measure. (20) Because it is not averred into what market plaintiff went and purchased said cotton. (21) Because the proper measure of damages is in the agreed price and the market price at the agreed time and place of delivery."

These demurrers were overruled. The judgment entry shows after the overruling of the demurrers "thereupon the defendants moved the court to strike from the fourth count of the complaint the statement of plaintiff's damages, the same being submitted to the court for consideration, and after due consideration thereof it is considered by the court that the same be, and is hereby, overruled." The motion is not shown in the record or in the bill of exceptions. The other facts sufficiently appear in the opinion. The court gave the general affirmative charge to the plaintiff, and refused a like charge to the defendants. The defendants requested the

following written charge which was refused. "(2) If the jury do not believe the evidence, they will find for the defendant."

STREET & ISBEL, for appellant. No brief came to the Reporter.

HOWARD & HUNT, for appellee. No brief came to the Reporter.

TYSON, J.—This action is for the recovery of damages for breach of an executory contract entered into by and between plaintiff and defendants whereby the latter agreed to sell and deliver to the former 200 bales of cotton at an agreed price per pound. The complaint contains 4 counts.

A number of grounds of demurrer were interposed to each of them. The first of these insisted on is, that there is no averment of demand by plaintiff upon defendants to deliver the cotton. Each of the counts contain an averment of the refusal of the defendants to deliver the cotton and a readiness and willingness on the part of the plaintiff to pay for it on delivery. If it be conceded that an averment of a demand is necessary, a refusal, ex vi termini, imports that a demand was made. The insistence is without merit.—*Ferguson v. Hull,* 136 Ind. 339, 36 N. E. 254; *Peoples B. L. & S. Association v. Reynolds,* 17 Ind. App. 453, 46 N. E. 1008; *Fletcher v. Cummings,* 33 Neb. 793, 51 N. W. 144; *Worth v. Stewart,* 122 N. C. 258, 29 S. E. 579; *Berney v. Drexel* 33 Hun (N. Y.) 34; *Ind. Mfg. Co. v. Porter,* 75 Ind. 428.

It is next insisted that the complaint should show that the offer was pending at the time of its acceptance by plaintiff. An offer is "deemed to continue in force until it has been answered, although it may be withdrawn at any time before it has been accepted unconditionally, but not afterwards."—7 Am. & Eng. Ency. Law (2d Ed.) 128 and cases cited in notes. See also, *Mactier's Adm'rs v. Erith,* 6 Wend. (N. Y.) 103, 21 Am. Dec. 262. If defendants relied upon a withdrawal of their offer before acceptance by plaintiff, this is a matter of defense.

[McCleskey & Whitman v. Howell Cotton Co.]

On the averments of counts 3 and 4 Marsh was defendants' agent to communicate their offer and to receive plaintiff's acceptance of it, without defendants actually receiving notice of it.—9 Cyc. p. 273.   It is true, defendants could have withdrawn their offer at any time before acceptance was communicated to their agent Marsh, but the telegram of plaintiff's to Marsh when delivered to the telegraph company was a sufficient manifestation of acceptance, which was done before plaintiff was notified of the withdrawal of defendants' offer.—9 Cyc.pp. 293, 294, 295, 296; *Trevor v. Wood,* 36 N. Y. 307, 93 Am. Dec. 511, and cases there cited.

The application of these principles to the averments of these coutns will suffice to show their sufficiency as against the contention that no binding acceptance by plaintiff of defendants' offer is shown.

A demurrer should be addressed to the whole of the count, and not to a portion of it.   That ground of demurrer attacking that part of count four (4) which relates to the damages claimed for a breach of the contract, alleged, upon the ground that damages claimed are not such as the law permits a recovery for, consequent upon a breach of contract was, therefore, properly overruled. If a motion was made to strike this part of the count, it does not appear in the bill of exceptions, nor was an exception to the ruling of the court in denying the motion, which is shown only by the minute entry, shown to have been reserved by the bill of exceptions.   This ruling, therefore, is not revisable.

The only possible objection that can be urged against the sufficiency of the statement of the damages sought to be recovered is its failure to show in what market plaintiff purchased the cotton to take the place of the cotton that defendants agreed to sell it.   The rule seems to be that the measure of such damages, if there was no market for the purchase of the cotton at the place where defendants were to deliver the cotton they agreed to sell, is the difference in the price plaintiff would have to pay for the same quantity and quality of cotton at the nearest available market where it could be obtained.—*Mc-*

*Fadden v. Henderson*, 128 Ala. 221, 29 South. 640. From the language employed in the count an inference is afforded that plaintiff did purchase the cotton in the market of Boaz, the place where defendants were to deliver what they agreed to sell. We do not, however, mean to be understood as holding that mere inferences in pleading are sufficient as against an attack by demurrer in a case where a demurrer can be availably interposed.

The interrogatories propounded to witness King are not numbered in the record. The objection interposed was to "his answers to the ninth and tenth direct intrerogatories, to each separately, and to each separate statement contained in said answers, on the ground that the same were illegal, irrelevant and immaterial." On this state of the record it would, to some extent, be guesswork on our part to undertake to review the ruling of the court in overruling them. But be this as it may, if the object sought to be accomplished by the objection as shown by brief of appellant's counsel was to exclude King's testimony, some of which tended to establish the damages suffered by plaintiff as claimed in the fourth count of the complaint, the objection was properly overruled. Moreover, the objectionable answers, if any there were, should have been specifically pointed out in the objection. There was clearly no error in permitting witness Marsh to testify to the meaning of the "cypher words" used in the several telegrams. If he knew their meaning it was not necessary to produce the key. The words "ship promptly" contained in the telegram of acceptance sent by plaintiff to Marsh was clearly a mere direction to him as their agent, and cannot be construed as adding a new term to defendants' offer. This, it seems to us, is apparent when we bear in mind that reference is also made in the telegram to 75 bales of cotton located at another point. Besides, the word "promptly" as here used, means nothing more nor less than reasonable time —the latter term being a relative one, and its meaning dependent upon the circumstances.—23 Am. & Eng Ency. Law (2d Ed.) p. 971.

It is entirely clear that the telegram replying to de-

fendants' offer, made through Marsh, was an acceptance and not a mere althorization to Marsh to accept. It was a positive order to him to take defendants' cotton at the price named in their offer of sale.

The allegations of the fourth count as to a breach of the contract having been undisputedly, and without adverse inference, established by the testimony, the affirmative charge requested by plaintiff was correctly given. This being true, the plaintiff was certainly entitled to recover at least nominal damages. What we have said also disposes of the assignments of error predicated upon the refusal by the court of all the charges requested by defendants adversely to them, except the one numbered 2. That charge was properly refused on what was said of a similar one in *Koch v. State*, 115 Ala. 99, 105, 22 South 471. The reason assigned for the refusal of this class of charges is so obviously applicable to this case that we need not pointedly apply it.

We have considered every insistence laid in brief of appellant's counsel, and find no error in the record.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.