Davis, J.
The counsel on both sides of this case have discussed several propositions which relate to the validity of the award,- which was made by one of the appraisers and the umpire, and to the insufficiency of the proof of loss, there being no award attached thereto as required by the terms of the policy. As we view the case, these questions aré not necessarily involved. The real question is whether or not the insured was, by the conduct of the insurer, absolved from the obligation of the precedent condition relating to appraisal as written in the policy.
It is the clearly announced doctrine of this court that provisions such as are contained in this policy constitute a condition precedent, which imposes an obligation on the insured, in the event of disagreement as to the amount of loss, to procure an award or ascertainment of the loss by appraisers, or to show a legal excuse therefor, before he can maintain a suit on the noljcv to recover the loss. Phoenix Ins. Co. v. Carnahan.. 63 Ohio St., 258; Graham et al. v. German-American Ins. Co., 75 *8 Ohio St., 374. Do the conceded facts here show a legal excuse for thé plaintiff below, in not strictly performing on her part, the stipulations of the contract which are thus made a condition precedent? Do the undisputed facts justify her in proceeding to recover the loss in a suit upon the policy, instead of first fixing the amount of the loss by an appraisal and .then proceeding to recover upon the award? The contract did not require the insured to perform this condition more than once; and therefore if she entered upon its performance and was carrying it out in good faith, she can not be held to a full and complete performance, if that consummation was prevented by the act of the adverse party.
“The law is settled that where a precedent condition was to have been performed by the plaintiff, but its performance has been prevented by the defendant, such prevention may be averred as an excuse for. the non-performance.” Ruble v. Massey, 2 Ind., 636, citing Hotham et al. v. The East India Company, 1 T. R., 638, and Heard, Assignee, v. Wadham, Exr., 1 East, 619. So also in the leading case of Fleming v. Gilbert, 3 Johns., 528, it was said: “The plaintiff’s conduct can be viewed in no other light than as a waiver of a compliance with the condition of the bond. It is a sound principle that he who prevents a thing being done shall not avail himself of the non-performance he has occasioned.” Citations might be easily multiplied upon this point; but we quote one more terse statement of the law: “No party can insist upon a condition precedent when its non-performance has been caused by himself. Such non-performance would not prevent the vesting of an estate, nor can it pre *9 vent the accruing of a right, or its enforcement by action. It, in effect, amounts to a waiver.” Mayor of New York v. Butler, 1 Barb., 337, 338.
It does not appear that the Insurance Company was at fault in the refusal of the appraiser, chosen by it, to proceed with the appraisal; and we may assume that it was not in any way responsible for his conduct. But his refusal to go on with the appraisement was not the thing which prevented the insured from carrying out her agreements in respect to appraisal of the loss. That was the result solely of the refusal of the insurer to proceed with the appraisement. The insurer not only refused to select another appraiser to act in the place of the refractory appraiser, but it refused to proceed at all, except- upon a new submission to wholly different appraisers and a new umpire. Unless the Company had the strict legal right to-do this, and unless this conduct on its part was not a waiver of strict compliance with the condition precedent, the counsel for the plaintiff in error are wholly wrong in their contention that the insurer was without-fault in thus refusing to further participate in the appraisal.
As we said in Insurance Co. v. Carnahan, 63 Ohio St., 258, 273, “good faith is required of both parties in the conduct of such an appraisement when once entered upon;” and this implies that neither party would have the right to abandon the appraisement, or to obstruct it in any way, without just cause, otherwise the party so doing might obtain an unfair advantage over the other. Morse on Arbitration and Award, 156. For this reason, one of the parties can not revoke, or annul the agreement of submission- and have a new appraisement when there has been no fraud or unfairness on the part *10 of the other. I11 this case, neither the policy nor the agreement of submission, which is in conformity with the policy, requires-that both of the appraisers and the umpire must concur in the award. It is true that the umpire could act only in case of difference, but the provision of both policy and submission is that the-award “of any two” shall determine the amount of the loss. This can only mean that the two appraisers may make the award, or that when they do not agree, either of the appraisers and the umpire may do so. Hence where the Insurance Company’s appraiser withdrew, neither party appearing to have been in fault, his withdrawal did not ipso facto revoke the submission to appraisement; and when the insured insisted upon continuing the appraisement and requested the insurer to select another appraiser and go on with the appraisement, and the latter refused to do so, and demanded a new appraisement, it put itself irretrievably in the wrong, because the insurer thereby made it impossible for the insured to comply with the condition precedent as it was written in the contract of insurance. The policy requires the insured to do her duty under that condition only once. Without fault on her part, it was sought to compel her to twice perform her obligation to submit the controversy to arbitration, or it might be as many times as the insurer might be dissatisfied with the progress of the appraisement. But, conversely,. when one of the parties to the agreement to appraise, acts in bad faith, or, which is tantamount thereto, unreasonably refuses to carry out the agreement, the other party is absolved from compliance therewith; and so, as held in Uhrig v. Williamsburg City Fire Ins. Co., 101 N. Y., 362,, “When one arbitration fails from default of one of *11 the parties, the other is not bound to enter into a new arbitration agreement.”. See also, 4 Joyce on Ins., sec. 3255, and American Central Ins. Co. et al. v. Landau, 62 N. J. Eq., 73; O’Rourke v. German Ins. Co., of Freeport, Ill., 104 N. W. Rep. (Minn.), 900.
For the reasons which we have stated, and upon the authorities which we have cited, we think it entirely clear that the defendant in error has shown a legal excuse for non-performance of the condition precedent, in conduct of the insurer which amounts to a waiver of the condition; and that the defendant in error was thereby entitled to sue for the loss, under the policy, and have the amount thereof ascertained and adjudged by the court, as was done.
Counsel for the plaintiff in error have cited, among others of the same import, a recent case in which it is held that a mere attempt to have the loss determined by arbitration, which failed without the fault or misconduct of either party, did not constitute a compliance with the condition, and did not entitle the assured, in the absence of a waiver thereof, to sue on the policy without compliance with a further demand for new arbitration. Grady v. Home Fire & Marine Ins. Co. (R. I.), 63 Atl., 173. If we have not made it apparent that in this instance the arbitration did not fail without the fault or misconduct of either of the parties, but on the contrary by the fault of the plaintiff in error, then the foregoing discussion has been in vain. The judgment of the Superior Court in General Term is

Affirmed.

Shauck, C. J., Price, Crew, .Summers and Spear, JJ., concur.